(October 7, 1911.)

## GEORGE H. SHELLENBERGER, Respondent, v. R. L. NOURSE, Appellant.

[118 Pac. 508.]

PROMISSORY NOTE—DEFECTIVE—ACTION ON BY INDORSEE—BURDEN OF PROOF—BONA FIDE PURCHASER—INSTRUCTIONS—NEGOTIABLE IN-STRUMENTS.

(Syllabus by the court.)

1. *Held*, under the evidence that it was shown that the promissory note sued on was obtained by the G. W. B. S. Co. through fraud, without consideration and under an agreement that it would not be transferred, and that on such showing the burden of proof shifted to the respondent to show that he was a *bona fide* holder thereof in due course, as defined by the provisions of sec. 3509, Rev. Codes.

2. *Held*, that all evidence of facts and circumstances which tended to show the defect in the title to said promissory note should have been admitted.

3. *Held*, that it was error for the court to exclude any evidence tending to show the plaintiff's relation, as agent or otherwise, with the G. W. B. S. Co. up to the time of the alleged purchase of said note.

4. The giving of instructions Nos. 3, 9 and 11 *held* as error.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to recover on a promissory note. Judgment for plaintiff. *Reversed.*

John T. Morrison, and Perky & Crow, for Appellant.

The admissibility of the evidence adduced to show the respondent's knowledge of such facts and circumstances as would make his action in taking the instrument bad faith is clearly established by the authorities.

Knowledge need not necessarily be proved by direct and positive evidence; on the contrary, it may be inferred from

facts and circumstances. (*Park v. Wooten,* 35 Ala. 242; *Kneeland v. Wilson,* 12 Cal. 241; *Knight v. State,* 88 Ga. 589, 15 S. E. 450; *Lynch v. Richardson,* 163 Mass. 160, 47 Am. St. 444, 39 N. E. 801; *Robinson v. Worden,* 33 Mich. 316; *Abbe v. Justus,* 60 Mo. App. 300; *Van Raalte v. Harrington,* 101 Mo. 602, 20 Am. St. 626, 14 S. W. 710, 11 L. R. A. 424; *Pendexter v. Carlton,* 16 N. H. 482; *Parker v. Conner,* 93 N. Y. 118, 45 Am. Rep. 178; *Stainback v. Junk Bros. Lumb. & Mfg. Co.,* 98 Tenn. 306, 39 S. W. 530; *Murray v. State,* 46 Tex. Cr. 128, 79 S. W. 568; *Davis v. Van Wie* (Tex. Civ. App.), 30 S. W. 492; *Stanton v. Simpson,* 48 Vt. 628.)

It is competent to prove the notoriety of a fact in the neighborhood of a party sought to be charged with knowledge of it. (*Merrill v. Hole,* 85 Iowa, 66, 52 N. W. 4; *Jones v. Hatchett,* 14 Ala. 743; *Ward v. Herndon,* 5 Port. (Ala.) 382; *Brooks v. Thomas,* 8 Md. 367; *Hahn v. Penney,* 62 Minn. 116, 63 N. W. 843; *State v. Flint,* 60 Vt. 304, 14 Atl. 178.)

Richards & Haga, for Respondent.

Taking up the evidence introduced by the appellant under the rule of law that the burden of proof is on him to show circumstances sufficient to defeat the note, we contend that nothing short of actual fraud or *mala fides* is sufficient to overcome the effect of such evidence, or invalidate the title of the holder supported by such evidence. (*Collins v. Gilbert,* 94 U. S. 753, 24 L. ed. 170; *Forbes v. Nat. Bank,* 21 Okl. 206, 95 Pac. 785.)

Our law does not permit a man to place on the market an instrument which on its face is negotiable and then defeat recovery on it, as against an innocent purchaser, by showing a secret understanding that it was to be non-negotiable. (Joyce, Defenses to Commercial Paper, sec. 307; *Parsons v. Parsons,* 17 Colo. App. 154, 67 Pac. 345.)

Instruction No. 3, excepted to, is in strict conformity with the provisions of secs. 3481, 3502 and 3485 of our code, and is in harmony with the ruling of this court in *Yates v. Spofford,* 7 Ida. 737, 97 Am. St. 267, 65 Pac. 501.

The whole question to be determined is whether or not respondent was a holder in "due course." If he is, then the defense of failure of consideration is no defense. (*Daniels v. Englehart*, 18 Ida. 548, 111 Pac. 3.)

Appellant did not make sufficient showing to shift the burden of proof to the respondent to show that he was an innocent purchaser in due course. (*Brown v. Feldwert*, 46 Or. 363, 80 Pac. 414.) It would have been an error for the court to assume such a state of facts in its instructions. (*Owens v. Snell etc. Co.*, 29 Or. 483, 44 Pac. 827.)

Failure of consideration is no defense against a *bona fide* purchaser for value. (*Statton v. Stone*, 15 Colo. App. 237, 61 Pac. 481; *Spencer v. Alkali etc. Co.*, 53 Wash. 77, 132 Am. St. 1058, 101 Pac. 509.)

"The rights of the holder are to be determined by the simple test of honesty and good faith, and not by a speculative issue as to his diligence or negligence." (*Murray v. Lardner*, 2 Wall. 110, 17 L. ed. 857.)

SULLIVAN, J.—This action was brought to recover on a promissory note dated May 21, 1908, for $873, principal, with interest, and $125 attorney's fees and costs of suit. The note was given to the Great Western Beet Sugar Company of Mountainhome as partial payment on a water right. It is alleged that prior to the maturity of the note, on the 29th day of May, 1908, said sugar company for a valuable consideration transferred and delivered said promissory note to the plaintiff; that the plaintiff now is, and ever since said note was indorsed to him has been, the owner and holder thereof; that no part thereof has been paid. The answer admits the execution of said note and on information and belief denies that said note was assigned to respondent on the 29th day of May, 1908, or at any time, for a valuable consideration or for any consideration, and denies that the plaintiff is the owner or holder of said note; admits that said promissory note has not been paid, but avers that the same was given without consideration, and was obtained for the sale by the payee named therein to the defendant of an alleged water

right, when in truth and in fact said sugar company did not have any water rights to sell and no reasonable expectation of having any, or having any canals or ditches through which said water could be delivered, all of which respondent well knew. And as a second defense it is averred that on the date said note was executed the sugar company entered into a contract as a part of said transaction, and upon the same consideration, whereby the company agreed that if he, the defendant, at any time within one year from said date desired to cancel said water right, he should have the right to do so and receive the return of certain notes, including the note involved in this suit, and alleges that the plaintiff knew of said agreement at the time of the pretended assignment to him. And as a third defense it is averred that said sugar company was hopelessly insolvent at the time said note was given, and that said company had no water or means of obtaining the water for delivery to the lands intended to be irrigated with said water; that it had no canals constructed through which to convey said water; that it had greatly oversold the capacity of its canals and ditches and its water rights at the time of the sale of said water right to this appellant, all of which was well known to the officers of the company and to plaintiffs; that at the time of the giving of said note and at the time of the transfer of the note to the plaintiff herein, the said plaintiff was one of the confidential agents of the company, and its manager, John H. Garrett, and well knew that the consideration for said promissory note was valueless, and prays for judgment.

Upon the issues thus made the cause was tried by the court with a jury and verdict and judgment rendered and entered in favor of the plaintiff as prayed for in the complaint. Numerous errors are assigned and a reversal of the judgment asked.

We will first consider the sufficiency of the evidence to shift the burden of certain proof to the plaintiff. The respondent was sworn and testified on his own behalf, that he procured the note on which this suit was brought on the 29th day of May, 1908, and was at the time of the trial its holder and

owner, and that no part thereof had been paid, and rested his case. Respondent was then placed upon the witness-stand for cross-examination under the act of the legislature providing for the cross-examination of an adverse party. (Sess. Laws 1909, p. 334.) He testified that he received said promissory note from John H. Garrett, general manager of the Great Western Beet Sugar Company; that he himself had been general agent for said company for the sale of water rights, from March, 1906, to March, 1907, and made numerous sales during that time; that prior to receiving the note he had never seen the party's system near Sunnyside where appellant's land for which the water right was given, was situated; that he bought the note from Garrett and received an absolute title to it. He testified as follows: ''I gave full face value for this note; gave Mr. Garrett $873. I gave him the check. I do not now have the check. I have had it. I bought the note from Garrett. I purchased an absolute title to it.''

Witness was then handed a paper, which is in words and figures as follows:

''DEFENDANT'S EXHIBIT 1.

''Boise, Idaho.

''Rec'd from J. H. Garrett the following collateral to be held for guarantee for payment of a certain note of even date given said Geo. H. Shellenberger by the Great Western Beet Sugar Co. for $1523.85.

''Water right deed from L. I. Herz for 320 acres of land.

''One note of R. L. Nourse for $866.00 due in one yr.

''One note of R. L. Nourse for $873.00 due in 6 months.

''One note of Mary O. and Jas. A. Baker for $300 due in one yr.

''GEO. H. SHELLENBERGER.

''5/29/08.''

The respondent then identified a letter written to the appellant on November 2, 1908, in which he states that the note sued on in this action was transferred to him as security for a loan. Said letter is as follows:

"Boise, Idaho, 11–2–'08.

"Dr. R. L. Nourse:

City:

"Dear Sir:—Your note for $873.00 with interest at 6% from May 21st, 1908, will be due November 21st. This note is my property and I shall be obliged if payment is promptly met.

"This note was given the Great Western Beet Sugar Co. of Mountainhome, Idaho, and was transferred to me as security for a loan now past due.

"Yours very truly,

"GEO. H. SHELLENBERGER."

The witness also testified as follows: "All this property mentioned in this receipt, Exhibit 1, I took as security for the payment of $1523.85." This evidence clearly shows that the respondent took said note as security and that he did not pur- chase it as stated. It also appears from the record that at the time the note was given, John H. Garrett, on behalf of the Great Western Beet Sugar Co., made the following statement in writing to the appellant Nourse:

"Boise, Idaho, May 21–08.

"R. L. Nourse, Esq.,

Boise, Idaho.

"Dr. Sir:—Respecting a certain water right that you have this day purchased from this Company, I will say that if at any time within one year from this date you should decide or desire to cancel a certain amount of said water right for the one hundred and sixty acres of land and for which you have given one note for $873.00 and another for $866.00, you can have the option to so do and retain the pro rata share you have this day paid in cash.

"Yours truly,

"GREAT WESTERN BEET SUGAR CO.,

"JOHN H. GARRETT,

"Ch. Ex. Brd."

This letter gives the appellant the option to cancel a certain amount of said water right within a year from the time of executing said notes. Other evidence shows and tends to

show that the respondent was in the employ of the Great
Western Beet Sugar Co. under Garrett, and had been procur-
ing purchasers for water rights under said system, and knew,
or ought to have known, that said company had sold much
more water than it had or any prospect of having at the time
said water right was sold to Nourse, and there is sufficient evi-
dence in the record to show that the sugar company, through
its manager, had given the appellant the option to cancel any
part of said water right at any time within a year, and that
no consideration whatever was given for said promissory note,
as the company had no water to sell; and thereupon the
burden of proof shifted to the respondent to show that he had
purchased said note in due course without any knowledge of
the failure of consideration or of said option given to the ap-
pellant. The evidence shows that the title of the sugar com-
pany to said note was defective, that it was fraudulently
secured and negotiated in breach of good faith. Under the
provisions of sec. 3512, Rev. Codes, which is a part of the
negotiable instrument law of this state, "The title of a person
who negotiates an instrument is defective within the. mean-
ing of this title when he obtained the instrument, or any signa-
ture thereto, by fraud, duress, or force and fear, or other
unlawful means, or for an illegal consideration, or when he
negotiates it in breach of faith, or under such circumstances
as amount to fraud." The evidence shows that said promis-
sory note was obtained by fraud and was without considera-
tion, and was negotiated in breach of faith and under
circumstances which amounted to fraud, under the provisions
of sec. 3512, Rev. Codes. Under the evidence, as shown by
the record, the respondent had knowledge of such facts, so
that his action in taking said note amounted to bad faith,
and the burden was shifted to him to show that he was a
holder thereof in due course. The note was given with the
understanding that it was not to be negotiated and was given
in payment for a water right that never existed, and eight
days after receiving the note, Garrett, the manager of said
company, gave it to the respondent, who had been a general
agent, and, we think, with duties requiring him to know some-

thing of the conditions and affairs of said company, and he was at that time, according to the evidence, arranging to bring parties from without the state to purchase water rights of said company of the same kind and character as the one involved in this case. Agents cannot shut their eyes to facts that they must know in conducting the affairs of their principal, and take from their principal promissory notes given in such fraudulent transactions and be protected by simply saying they did not know of the fraud or the want of consideration for such promissory note. To otherwise hold would be to put a premium upon the acts of dishonest men and fraudulent corporations and their associates.

This court held in *Winter v. Nobs,* 19 Ida. 18, 112 Pac. 525, that where the indorsee of a promissory note sues the makers and on the trial they establish the fact that the note was given in payment of the purchase price of an animal sold under fraudulent misrepresentations as to the character and condition of the property sold, and under a false and fraudulent guaranty, by sec. 3516, Rev. Codes, the burden of proof shifts from the defendants to the plaintiff to show that he acquired the note before maturity in good faith and for value.

All evidence adduced tending to show respondent's knowledge of any facts and circumstances in regard to any defect in the title to said promissory note should have been admitted. His knowledge need not necessarily be proved by direct and positive evidence, but, on the contrary, it may be shown from facts and circumstances. (See *Merrill v. Hole,* 83 Iowa, 66, 52 N. W. 4.)

During the course of the trial, the respondent was called for cross-examination by the opposing counsel, under the provisions of Sess. Laws, '09, p. 334. Respondent had testified that he had been in the employ of the sugar company and that prior to coming to Boise in 1908 he had lived in Payette, Idaho. He was asked the following question: "Mr. Shellenberger, what business were you in in Payette prior to coming to Boise?" Counsel objected to said question on the ground that it was not proper cross-examination, immaterial and not permissible under the law referred to, and the objection was

sustained. By that question counsel was endeavoring to show that the plaintiff was the agent of said company at the time he was living in Payette, and it was competent for him to show, or attempt to show, that fact by the witness himself, and it was error for the court to sustain said objection.

In order to show the interest of the respondent in the affairs of the company, he was asked on cross-examination as follows: "Did you make any effort to interest St. Paul parties and bring them here at the last of June or the 1st of May, 1908?" This was objected to as being long after the transaction had occurred, and the objection was sustained. Said promissory note was assigned to respondent as collateral on the 29th day of May, 1908, and whether respondent was endeavoring to interest St. Paul parties to purchase water rights in May and June of that year was proper to show the relation he bore to the company at about the time the transaction occurred, and the objection should have been overruled for that reason. Any evidence tending to show the relation which the respondent bore to the company about the time said note was assigned to him was proper.

During the trial the witness Herz had testified that he had been an employee of the company at the time respondent received the note sued on in this action and for a number of months before; that the question was pretty thoroughly aired in the newspapers down there (Mountainhome) that the Great Western Beet Sugar Company had a pretty bad reputation. Counsel for respondent thereupon asked him the following question: "Would that reputation affect the validity of the notes it took for water deeds?" Counsel objected to said question as incompetent and calling for a conclusion from the witness, and the court overruled the objection and the witness testified that he did not suppose that reputation would affect the validity of the note. The court erred in permitting the witness to answer that question. The validity of the note was the very question which the court and jury were called upon to decide. The witness having been an employee of the company, the jury might look upon him as being more capable of determining whether the note was valid than the jury was

from all of the evidence. The witness was called upon by that question to give his opinion of a question of law, and the court erred in permitting him to do so.

The giving of instruction No. 3 is assigned as error. Said instruction is as follows:

"Under the statutes of this state a promissory note is presumed to have been given for a valuable consideration, and where indorsed by the payee without showing the date on which such indorsement was made, the law presumes that such indorsement was made before such note became due by its terms, and that such indorsement was for a valuable consideration, and where, as in this case, the answer admits the giving of the note sued on by the defendant, the burden of proving the defense of want of consideration is on the defendant, and he must not only prove a total want of consideration for the giving of such note, but must also prove by a preponderance of the evidence that the plaintiff had knowledge of such want of consideration at the time of taking such note, and failing to do so you will find for the plaintiff."

Under the provisions of sec. 3516, Rev. Codes, the giving of said instruction was clearly error. Under the provisions of that section, every holder of a promissory note is deemed *prima facie* to be a holder in due course of the negotiable instrument, but when it is shown that the title of anyone who has negotiated the instrument is defective, the burden is on the holder to prove that he acquired the title as a holder in due course. The evidence on behalf of the defendant showed that the said promissory note was given without consideration. and that there was a written agreement between Garrett, the manager of the sugar company, and the appellant to the effect that if the appellant desired to cancel a certain amount of the water right purchased, and for which he had given the note sued on and another note, he was given the option to do so and retain the *pro rata* share of said water right which he had paid for in cash. It not only appears from the evidence that the transfer of said note to respondent constituted a breach of faith amounting to fraud on the appellant, but it also appears that the pretended water right, for which said notes

were given, was a myth and had no existence. Upon that showing the burden of proof was shifted to the respondent to show by a preponderance of evidence that he was the holder of the note in due course, and to establish that he is such holder, he must show the four conditions set forth in sec. 3509, Rev. Codes, to wit:

"First.   That the instrument is complete and regular upon its face;

"Second.   That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"Third.   That he took it in good faith and for value;

"Fourth.   That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

It was held in *German-American Bank of Rochester v. Cunningham,* 97 App. Div. 244, 89 N. Y. Supp. 836, that where a maker of a note sued on by the indorsee testified that it had been negotiated in violation of an agreement under which it was given, such negotiation constituted a breach of faith amounting to fraud upon the maker, and required proof on the part of the holder, before recovery could be had, that the note was received in the ordinary course of trade for a valuable consideration and without the knowledge of such agreement.   In the case at bar, it became the duty of respondent to show that he had no knowledge of such agreement, and that he had no knowledge or information that the same was obtained by fraud, in that no consideration whatever was given therefor.   By that instruction the court said to the jury that the appellant must prove by a preponderance of evidence that the plaintiff had knowledge of such want of consideration at the time of taking such note, and that failing to do so they must find for the plaintiff.   Under the law it was only necessary for the defendant to first show that Garrett negotiated said note in violation of his option contract with him, and under such circumstances as to amount to a fraud upon the appellant, or that he obtained his signature thereto without consideration.   It was not necessary for the appellant to

prove by a preponderance of evidence, or any evidence, that the plaintiff had knowledge of such want of consideration or breach of faith, for as soon as it was shown that said note was procured without consideration and transferred in breach of a contract in bad faith, it then devolved upon the holder to prove by a preponderance of evidence that he did not know, nor had information of facts sufficient to put him upon inquiry, that no consideration was given for the note, and that it had been negotiated in violation of the contract made by Garrett with the appellant in regard to its transfer.

It is contended that the giving of instruction 14 cured the vice contained in instruction 3. The correct rule of law is laid down in instruction 14, but it is in direct conflict with the rule laid down in instruction 3, and the jury evidently followed the erroneous instruction and disregarded the correct one.

The giving of instruction 9 is assigned as error. Said instruction is as follows:

"You are instructed that the holder of such note means the payee or indorsee thereof, who is in possession of such note, or the bearer thereof, and if you find from the evidence that the plaintiff is such a holder, then he is deemed to be the holder thereof in due course, that is, that he became the holder thereof before it was overdue and that he took it in good faith and for value, and at the time it was transferred to him he had no notice of any infirmity in the instrument or defect in the title of the person transferring it to him."

That instruction is misleading and should not have been given. However, when taken in connection with instruction No. 14, we do not think the jury was misled by it. It conveys the idea that the holder of a note, who is in possession of it, is a holder in "due course," and while the latter part of the instruction attempts to define a holder in "due course," it only partly does so. (See sec. 3509, Rev. Codes.)

It is contended that instruction No. 11 is in conflict with the provisions of sec. 3516 above cited. Said instruction is as follows:

"You are instructed that the answer having admitted the execution of this note, but denying that the plaintiff is the owner by purchase before maturity, for a valuable consideration, and the defendant, having alleged want of consideration in the plaintiff, if you find from the evidence that the plaintiff is the holder of such note, then the burden of proving such allegation is on the defendant, by a preponderance of the testimony."

The court there instructed the jury if they found that the plaintiff is the holder of the note, then the burden of proving that the holder had not paid a valuable consideration therefor was on the defendant, whereas under the law, whenever it is shown that the title of any person who has negotiated the instrument is defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course, and in order to show that he is such holder he must show the four conditions prescribed by said sec. 3509. Such instruction apparently ignores said provisions of the statute and advises the jury that although a defect or infirmity is shown in the note, the defendant must show by a preponderance of evidence the want of consideration on the part of the plaintiff, which is not the law.

By instruction No. 15 the jury was instructed that they would be justified in giving weight with caution to rumors, newspaper articles, general statements, conditions of canal system, etc. It appears from the record that the respondent had knowledge and information in regard to rumors, statements and newspaper articles and of the condition of the canal system, and for the court to instruct the jury that they would be justified in giving weight to such testimony with caution might convey to their minds that very little, if any, weight should be given to such evidence. The court, however, failed in that instruction to state to the jury that they were the exclusive judges of all questions of fact and of the weight to be given to the testimony, but did instruct them to that effect in the eighteenth instruction, which we think was sufficient. However, when the court cautions the jury in

regard to their giving much weight to certain evidence, it has about the same effect as to instruct them to disregard it.

For the reasons given, the judgment must be reversed, and it is so ordered, and the cause remanded for a new trial in accordance with the views expressed in this opinion. Costs awarded to the appellant.

Stewart, C. J., and Ailshie, J., concur.