## A. B. HOLBERT v. W. F. WEBER.

### (161 N. W. 560.)

Sale of horse — agreement by agent — to replace or exchange — implied authority — binding on principal — in absence of limitation known to vendee.

1. An agreement by an agent that if a horse does not recover from a defect he will allow the vendee to purchase another horse and pay the difference between the second and the first animal, and in such event will have returned to him the notes first given, is within the implied authority of such agent, and will be binding upon his principal in the absence of a limitation on such authority which is known to the purchaser.

Personal property — vendor — warranty — implied — quality and quantity.

2. The vendor of personal property impliedly warrants the quality and quantity of the articles sold.

Quality — meaning of — as used in statute — suitableness — fitness for purpose specified.

3. The word quality when used in a warranty and in § 6344 of the Compiled Laws of 1913 imports "adaptiveness, suitableness, and fitness for the purpose specified," and in the case of a horse adaptiveness and suitableness for the general purposes for which horses are purchased.

Personal property — sale and delivery — contract of — substantial performance — by vendor — condition precedent — to right of action — purchase price.

4. When a special contract is entered into for the sale and delivery of personal property, a substantial performance by the vendor is a condition precedent to his right of action against the vendee for the purchase price.

Promissory note — suit on — instructions — burden of proof — consideration — shifting of burden.

5. An instruction was not erroneous which, in a suit on a promissory note, charged that "the burden is on the plaintiff in the first instance to show prima facie that there was a consideration. The burden then shifts to the defendant to show that there was no consideration, and if the defendant meets that issue with sufficient evidence to overcome the prima facie showing of the note that it bears a consideration, then the burden returns to the plaintiff to

Note.—On remedy for breach of warranty of horse where its death prevents its return and substitution of another, as provided by the contract, see note in 25 L.R.A.(N.S.) 823.

establish upon the entire and on the whole case that there was a consideration for the note."

Opinion filed January 16, 1917. Rehearing denied March 3, 1917.

Appeal from the District Court of Wells County, *J. A. Coffey, J.*

Action to recover on a promissory note. Judgment for defendant. Plaintiff appeals.

Affirmed.

*Theodore Koffel,* for appellant.

There must always be a present intention to warrant, or there is no warranty in the sale of personal property. There was no assertion of any fact of which the buyer was ignorant. There were merely expressions of opinion and judgment upon open matters of which the vendee may be well expected to have opinions and to exercise his own judgment. 28 Am. & Eng. Enc. Law, 753, 757, 785 and notes; Morrill v. Bemis, 37 Vt. 155; Kimball v. Bangs, 144 Mass. 321, 11 N. E. 113; McGrew v. Forsythe, 31 Iowa, 179; Erwin v. Maxwell, 7 N. C. (3 Murph.) 241, 9 Am. Dec. 602; Zimmerman v. Morrow, 28 Minn. 367, 10 N. W. 139; Wilcox v. Henderson, 64 Ala. 542; Halley v. Folsom, 1 N. D. 325, 48 N. W. 219.

Where the rulings of the court are so erroneous in the admission or exclusion of testimony as to prevent the proof of material facts directly in issue, there has not been a fair trial. Tunell v. Larson, 37 Minn. 258, 34 N. W. 29.

Instructions must be based upon and be applicable to the pleadings and the evidence. 11 Enc. Pl. & Pr. 158 and notes 1–5, 159 and notes 1–5.

No issue should be submitted to the jury except it is within the pleadings and evidence. 11 Enc. Pl. & Pr. 159 and note 6.

Where the evidence is outside of, and if admitted would overthrow, the pleadings, it is error to admit it. 2 Thomp. Trials, § 2309, and note; 11 Enc. Pl. & Pr. 164 and note 4, 165 and note 1.

The charge should be upon the issues, and these issues are determined by the pleadings. 11 Enc. Pl. & Pr. 190 and note 5; Blashfield, Instructions to Juries, §§ 86–88, 92, 97, 103, 104; 2 Thomp. Trials, §§ 2310, 2315, notes 37, 42, § 2328; Templin v. Rothweiler, 56 Iowa, 259, 9 N. W. 207; Pigott v. Lilly, 55 Mich. 150, 20 N. W. 879; Bank

of Monroe v. Anderson Bros. Min. & R. Co. 65 Iowa, 692, 22 N. W. 929; Whitsett v. Chicago, R. I. & P. R. Co. 67 Iowa, 150, 25 N. W. 104; State v. Myer, 69 Iowa, 148, 28 N. W. 484; Locke v. Priestly Exp. Wagon & Sleigh Co. 71 Mich. 263, 39 N. W. 54; Thompson v. Anderson, 86 Iowa, 703, 53 N. W. 418; Banning v. Chicago, R. I. & P. R. Co. 89 Iowa, 74, 56 N. W. 277, 11 Am. Neg. Cas. 521; De Foe v. St. Paul City R. Co. 65 Minn. 319, 68 N. W. 35; Eggett v. Allen, 106 Wis. 633, 82 N. W. 556; Conrad v. Kelley, 106 Wis. 252, 82 N. W. 141; State v. Swallum, 111 Iowa, 37, 82 N. W. 439; State v. Kissock, 111 Iowa, 690, 83 N. W. 724; Anderson v. Roberts, 112 Iowa, 749, 84 N. W. 928; Bockoven v. Lincoln Twp. 13 S. D. 317, 83 N. W. 335; Strong v. State, 61 Neb. 35, 84 N. W. 410; Thompson v. State, 61 Neb. 210, 87 Am. St. Rep. 453, 85 N. W. 62; Slingerland v. Keyser, 127 Mich. 7, 86 N. W. 390.

Exclusion of declarations of a witness tending to impeach his testimony is error.   James v. Bekkedahl, 10 N. D. 120, 86 N. W. 226; Barrett v. Wheeler, 71 Iowa, 662, 33 N. W. 230; Pitt's Sons Mfg. Co. v. Spitznegle, 54 Iowa, 36, 6 N. W. 71; 28 Am. & Eng. Enc. Law, 813; Minnesota Thresher Mfg. Co. v. Hanson, 3 N. D. 81, 54 N. W. 311; Walker & Co. v. Hoopes, 30 N. D. 398, 152 N. W. 666; Bartlett v. Patton, 5 L.R.A. 523 and note, 33 W. Va. 71, 10 S. E. 21.

If the article is sold on conditions, the burden is on the purchaser affirmatively to show the observance of such conditions.   30 Am. & Eng. Enc. Law, 2d ed. 230 and note 5; Noble v. Olympia Brewing Co. 36 L.R.A.(N.S.) 467 and note, 64 Wash. 461, 117 Pac. 241; Montana Eastern R. Co. v. Lebeck, 32 N. D. 162, 155 N. W. 648; Hyde v. Minnesota, D. & P. R. Co. 24 S. D. 386, 123 N. W. 849.

The burden is on the buyer to prove a warranty and a breach of it, whether he sues for a breach, or sets it up by way of counterclaim.   30 Am. & Eng. Enc. Law, 2d ed. 230; Bixby v. Denison Normal School Asso. — Iowa, —, 78 N. W. 234; Parry Mfg. Co. v. Tobin, 106 Wis. 286, 82 N. W. 154.

Other defects than those guaranteed against cannot be proved.   Warder v. Fisher, 48 Wis. 338, 4 N. W. 470; 19 Enc. Pl. & Pr. 115; Western Twine Co. v. Wright, 11 S. D. 521, 44 L.R.A. 438, 78 N. W. 942; Hermon v. Silver, 15 S. D. 476, 90 N. W. 141; D. M. Osborne & Co. v. Carpenter, 37 Minn. 331, 34 N. W. 163.

In the purchase of machinery, testimony that the machinery as a harvester and binder was worthless is insufficient to justify a finding fixing the value at a sum different than the undisputed evidence showed it to be. Gutta Percha & Rubber Mfg. Co. v. Wood, 84 Mich. 452, 48 N. W. 28; Barrett v. Wheeler, 71 Iowa, 662, 33 N. W. 230; Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205; Cahn v. Farmers & T. Bank, 1 S. D. 237, 46 N. W. 185; Halley v. Folsom, 1 N. D. 325, 48 N. W. 219; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Murphy v. Murphy, 9 L.R.A. 820 and note, 1 S. D. 316, 47 N. W. 142; Ewing v. Lunn, 22 S. D. 95, 115 N. W. 527; Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93.

Instructions should be on the issues as pleaded and proved and on the law applicable. Zilke v. Johnson, 22 N. D. 75, 132 N. W. 640, Ann. Cas. 1913E, 1005; Hyde v. Minnesota, D. & P. R. Co. 24 S. D. 386, 123 N. W. 849; Chilson v. Houston, 9 N. D. 498, 84 N. W. 354; Strong v. State, 61 Neb. 35, 84 N. W. 410; D. M. Osborne & Co. v. Huntington, 37 Minn. 275, 33 N. W. 789; D. M. Osborne & Co. v. Marks, 33 Minn. 56, 22 N. W. 1; McKee v. Vincent, 33 Minn. 508, 24 N. W. 253; State v. Schonberg, 24 N. D. 532, 140 N. W. 105; Hogan v. Shuart, 11 Mont. 498, 28 Pac. 969; Harrison, J. & Co. v. Crocker, 39 Wis. 68.

The measure of damages for a breach of warranty is the difference between the value of the article sold and its value if it had been as warranted. Brown v. Bigelow, 10 Allen, 242; Moulton v. Baer, 78 Ga. 215, 2 S. E. 471; Remington v. Geiszler, 30 N. D. 346, 152 N. W. 661.

Where the errors and irregularities of the trial are so clearly apparent, it was error for the court to order judgment. Hodson v. Wells & D. Co. 31 N. D. 395, L.R.A.—, —, 154 N. W. 193; Johns v. Jaycox, 39 L.R.A. (N.S.) 1151 and note, 67 Wash. 403, 121 Pac. 854, Ann Cas. 1913D, 471.

A buyer cannot rely on any implied authority of the agent to warrant where he has notice of the agent's want of such authority. Canham v. Plano Mfg. Co. 3 N. D. 229, 55 N. W. 583; Cysewski v. Fried, 24 N. D. 152, 139 N. W. 104, Ann. Cas. 1915C, 579.

*John O. Hanchett,* for respondent.

The rule is quite general that a breach of warranty as to the quality of personal property sold does not ordinarily give the purchaser the

right of rescission, and the right to defeat any recovery for the purchase price by the seller, unless such right of rescission was provided for in the contract of warranty. Simonson v. Jenson, 14 N. D. 417, 104 N. W. 513; D. M. Osborne & Co. v. Martin, 4 S. D. 297, 56 N. W. 905.

Where the evidence in the case clearly shows a failure of consideration under the terms of the warranty as pleaded in the answer, and failure to perform the conditions of the contract, and fully sustains the verdict rendered by the jury, there is no reversible error. D. M. Osborne & Co. v. Martin, supra.

An authority to sell property includes authority to warrant title of the principal, and the quality and quantity of the property. Cysewski v. Fried, 24 N. D. 152, 139 N. W. 104, Ann. Cas. 1915C, 579; Canham v. Plano Mfg. Co. 3 N. D. 229, 55 N. W. 583.

The rule is settled that while a negotiable promissory note imports a consideration prima facie, yet where want of consideration is relied upon and there is evidence tending to impeach consideration, this overcomes the prima facie showing arising from the note itself, and the burden is then upon the plaintiff to satisfy the jury upon the whole evidence of such fact. Search v. Miller, 9 Neb. 26, 1 N. W. 975; Manistee Nat. Bank v. Seymour, 64 Mich. 59, 31 N. W. 140; Delano v. Bartlett, 6 Cush. 367; Perley v. Perley, 144 Mass. 104, 10 N. E. 726; Conmey v. Macfarlane, 97 Pa. 361; Bogie v. Nolan, 96 Mo. 85, 9 S. W. 14.

BRUCE, Ch. J. This is an action to recover on two promissory notes. The complaint is in the usual form, and merely alleges the giving and nonpayment of the notes. The answer alleges a total failure of consideration. It states that the notes were given pursuant to an agreement with one M. L. Patterson, plaintiff's agent, and that said agent warranted and guaranteed "that said stallion was sound in every respect and a foal getter, and that it would soon recover from an apparent defect in its breathing," and that "the said agent of the plaintiff further agreed with the defendant at said time, as a part of the conditions upon which said stallion was sold, that if the said stallion was not as warranted, and that if it did not recover from the said defect of shortness of breath, the plaintiff would furnish the defendant with another stallion equally as good as this one was warranted to be, and that if such stallion to be so furnished by the plaintiff in lieu of the one that defendant did purchase

should be a higher priced stallion, that the defendant would be required, upon receiving said second stallion, to settle for the difference in price between the same, but would have full credit on the purchase price for said second stallion for the amount of the notes given upon the said stallion so sold as above set forth, or that in case the plaintiff should not fulfil his said agreement with reference to delivering to the defendant a second stallion, that in that event the contract should be rescinded and canceled and the defendant's note returned to him." It was also alleged that the horse did not recover from its shortness of breath, but that said defect or trouble continued to grow worse, and that the stallion died on or about July the first, 1909.

The answer further alleged that on or about July 10th, 1909, the defendant duly notified the plaintiff's agent of the death of the stallion, and that such agent offered to deliver to him another stallion under the terms of their said agreement, the price of which was $1,200; and defendant agreed that if the stallion so proposed to be delivered to him should in every respect comply with the original warranty, he would pay the extra price; that shortly thereafter the said plaintiff's agent exhibited to the defendant the stallion which plaintiff proposed to turn over in settlement of said warranty, but demanded in settlement therefor notes for $1,200, the full price of said stallion, without surrendering to the defendant the notes which defendant had given, or without crediting the amount of said notes or any part thereof upon the new notes.

The answer further alleged that the new stallion so offered was unsound and unfit to be used, by reason of defects in its limbs and other parts of its body, and did not comply with the terms of such original warranty, for which reason defendant refused to receive or accept said stallion in settlement of said warranty, and demanded that some other stallion be furnished and delivered to him in settlement and satisfaction of said warranty, but that the plaintiff refused to comply with such demand.

The case was submitted to a jury and a verdict rendered in favor of the defendant. The plaintiff now seeks for a reversal of the judgment rendered on such verdict on the ground of errors in the introduction and exclusion of evidence and the alleged error of the court in refusing to grant a new trial.

The first point urged by plaintiff and appellant is that there is no

evidence of any warranty or lack of warranty to go to the jury. Plaintiff contends that the defendant's testimony at the most discloses an expression of opinion by the agent, M. L. Patterson, that the horse would do better in North Dakota than in Iowa, and that this did not constitute a warranty.

We do not, however, so read the record. It is not for us to pass upon the credibility of the witnesses nor upon the preponderance of the evidence, but merely upon the question of whether there was evidence to go to the jury. There is testimony on the part of the defendant that Patterson positively stated that the horse could not stand the warm weather in Iowa; that perhaps it would get over its trouble in the climate of North Dakota, and that *if it did not,* the plaintiff would guarantee the horse or replace it; and that the defendant in such an event, and in case the horse which was substituted was good and sound, was to pay the difference in the value between the two horses and get his notes back.

This amounts to much more than an expression of an opinion. It is clearly a warranty, and the promise clearly constituted much of the consideration of the contract.

The plaintiff contends that no authority to make any such warranty or agreement was shown to have been possessed by the agent Patterson. In this also we believe he is in error. If there were any limitations upon the authority of the agent, the defendant is not shown to have had any knowledge of them. Section 6344 of the Compiled Laws of 1913 provides that "an authority to sell personal property includes authority to warrant the title of the principal and the quality and quantity of the property." The word quality imports "adaptiveness, suitableness, and fitness for the purpose specified, and this in the most comprehensive sense of the words." 7 Words & Phrases, 5879; Heron v. Davis, 3 Bosw. 336, 343; 4 Words & Phrases, 2d ed. 79; Union Selling Co. v. Jones, 63 C. C. A. 224, 128 Fed. 672, 677.

Although the stallion in question must be presumed to have been purchased for breeding purposes, it must also have been intended to be able to be driven from place to place. It is clear, too, that its wind was seriously affected, and there is every reason to believe that the trouble with its lungs contributed to its death. It is certainly clear that it never got over the trouble. Such a warranty or agreement is surely not a mere

expression of opinion, but is a warranty of quality, which is within the implied power of a selling agent.

Many other assignments of error are made, but many of them involve the same propositions of law and the same consideration of the evidence that it is both impossible and unnecessary to consider them all in detail. Many of them, indeed, wholly disregard the fact that the credibility of the witnesses is a matter for the jury, and not the court, to pass upon. Many of them also ignore the fact that it is not for us to try the case on the merits, but merely to decide whether error was committed by the trial court.

As before stated, we are of the opinion that there was a warranty, and that the agent Patterson had the authority to make the same. This disposes of a number of assignments. Counsel argues that there is no proof that the horse died on account of its wind-broken condition. It is sufficient that it did not recover from this defect, and that plaintiff had agreed that if it did not recover, he would furnish a new horse and allow the amount already paid, or the amount of the notes given, to be deducted from the price of the new animal.

The transaction, indeed, need not be looked upon as a warranty at all. It was a condition on which the purchase was made and the notes were executed and delivered. According to the defendant's testimony, the notes were only given on condition that if the horse did not recover, a new one should be substituted, and the defendant should be credited on the new purchase with the amount of the old notes, or rather, that the old notes should be canceled. A person cannot sue upon a note which is given for a certain consideration and then repudiate the consideration. Eberts v. Selover, 44 Mich. 519, 38 Am. Rep. 278, 7 N. W. 225; Huffcut's Cases in Agency, 63.

He also argues that the court erred in its estimate of damages, and that the ordinary measure of damages in the case of a breach of contract of sale, or of a warranty, is the difference between the value of the article as it actually was and what it would have been if as represented. He argues that there is, generally, no right to rescind a contract on account of a breach of warranty. This is probably the law, but it does not apply where a rescission is provided for in the contract, and, as we read the evidence, a rescission was provided for in the original contract in the case at bar.

36 N. D.—8.

It is also to be noticed that the action is on the original notes, and on the original notes alone, and it is clear to us that there is evidence which tends to show that that consideration had failed. Under the facts shown, indeed, a full performance of the condition of the warranty by the plain-tiff was a condition precedent to the maintenance of the action on the notes. D. M. Osborne & Co. v. Martin, 4 S. D. 297, 56 N. W. 905.

Nor was it necessary that the plaintiff should tender back the horse. It was dead and could not be tendered, and in consideration of its death and the fact that it had not recovered from the defect in its lungs and bronchial tubes, the plaintiff had himself chosen to attempt to carry out the contract and to furnish a new horse. He, however, failed to perform that contract, as he not only produced a horse which some of the evidence, at least, tended to show was imperfect, but he absolutely insisted upon the execution of the notes for the full purchase price of such new horse, and, in violation of his contract, refused to surrender the notes sued upon and which were given on the former transaction.

As far as the admission and introduction of testimony is concerned, it is clear to us that there was no reversible error. It is true that objections to some of the leading questions were sustained, the answers to which might have helped the plaintiff, but there was nothing to prevent the plaintiff asking the same questions in proper form, and the questions were undoubtedly leading. Portions of answers might, too, have been stricken out as not being responsive, but they all related to facts which were not in dispute, or related to answers of men not conversant with the English language, and the errors, if errors at all, were without prejudice. The conduct, indeed, of every lawsuit must largely be within the discretion of the trial judge, and cases are not reversed for mere trifles. There is also some testimony which, perhaps, might have been received tending to show a limitation upon the power of the agent. There is no evidence whatever, however, that this limitation was known to the defendant. It was not, therefore, binding upon him and no error was committed in excluding the testimony.

It is also urged that the court erred in giving the following instruction: "The burden is on the plaintiff in the first instance to show prima facie that there was a consideration. The burden then shifts to the de-fendant to show that there was no consideration, and if the defendant meets that issue with sufficient evidence to overcome the prima facie

showing of the note that it bears a consideration, then the burden returns to the plaintiff in this case to establish upon the entire and on the whole case that there was a consideration for the note, so that in this case, gentlemen of the jury, the burden is on the plaintiff in this case, upon the whole evidence, to show that there was a consideration for the note in question." 8 C. J. 997; 2 Horwitz's Jones, Ev. § 179 (177).

We are satisfied, however, that the instruction was entirely correct. The note imported a consideration, but the evidence of the defendant tended to show that that consideration had failed, and the burden of proving his case, as a whole, was then upon the plaintiff.

We believe that what we have said and the rules of law here announced dispose of all of the material points raised by the appellant, and the judgment of the District Court is therefore affirmed.