(July 29, 1921.)

J. D. CASEY and C. C. CASEY, Copartners, Doing Business Under the Firm Name of J. D. CASEY & SON, Respondents, v. FRANK A. EMPEY, Appellant.

[200 Pac. 122.]

PROMISSORY NOTE—GIVEN AS STIPULATED DAMAGES FOR BREACH OF CONTRACT—WHEN MAKER NOT LIABLE THEREON.

    Where the members of two partnership firms agree to consolidate their partnership assets and turn the same over to a corporation which they agree to form, and stipulate that a failure on the part of any one of them to comply with the agreement shall subject such person to a penalty of $500, and severally execute their promissory notes for such penalty, before a recovery can be had upon such note, the maker having set up want of consideration, it must appear that he defaulted in carrying out some material condition of the agreement.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. Robert N. Dunn, Judge.

Action on promissory note. From judgment for plaintiff, defendant appeals. *Reversed* and *remanded,* with directions to grant a new trial.

Wm. D. Keeton and E. R. Whitla, for Appellant.

The breach of a contract by one of the parties justifies abandonment by the other. (*Hecht v. White,* 13 Ga. App. 790, 80 S. E. 15.)

Where the stipulations of a contract are dependent, each party to do something, one party cannot relieve himself from liability and recover from the other by failure to do the dependent part. (*Burton v. Shotwell,* 76 Ky. (13 Bush) 271; *Bell v. Shields,* 18 Ida. 649, 111 Pac. 1076.)

If the plaintiffs desired performance on the part of Empey, it was their duty to form or attempt to form or offer to form the corporation before they could sue or could have any recovery from Empey. (9 Cyc. 641, 642.)

Mutual covenants in a contract are construed by the courts to be dependent on each other.   (9 Cyc. 643.)

McFarland & McFarland, for Respondents.

"One of two parties should not be required to tender performance when the other has by act and word indicated that he will not or cannot accept it, or will not or cannot do that in return for which the performance was promised. Nor will the courts hold him any longer bound."   (9 Cyc. 641, note 49; *Browne & Co. v. John P. Sharkey Co.*, 58 Or. 480, 115 Pac. 156; *McCormick v. Tappendorf*, 51 Wash. 312, 99 Pac. 2.)

LEE, J.—This action was commenced by respondents on a promissory note executed by appellant. In August, 1915, respondents J. D. Casey and C. C. Casey, a copartnership doing business under the firm name and style of J. D. Casey & Son, entered into an agreement with B. F. Nicholas and Frank A. Empey, the appellant herein, who were copartners doing business under the name of Nicholas & Empey, by which it was agreed that a corporation should be formed under the laws of the state of Washington, on or before January 1, 1916. The last paragraph of this agreement has a forfeiture clause as follows:

"It is expressly agreed and understood by and between the parties to this contract that in event one party of either of the copartnerships herein mentioned shall fail to comply with his part of this agreement that none of the parties shall be liable to any extent whatever for breach of this contract or forfeiture excepting the party failing to comply with his end of the agreement, and all notes are to be returned to the parties making the same excepting the one promissory note of $500 made by the party failing to comply with his individual end of this agreement."

Pursuant to this agreement, appellant executed to J. D. Casey & Son, and deposited with the First National Bank of Colville, Washington, the note sued on in this action.

Among other conditions this contract required the appellant to subscribe for 7,499 shares of the capital stock of this corporation which was to be created by these parties on or before January 1, 1916, and pay for the same by the execution of his promissory note to this corporation or order in the sum of $7,498, due twenty-four months from date, with interest at the rate of seven per cent, secured by these shares of stock as collateral security, and also to execute and deliver as security for the payment of this note a good and sufficient mortgage lien upon certain premises therein described, and furnish J. D. Casey & Son with an abstract of title to such property.

The agreement further provided that this corporation should purchase the goodwill, furniture and fixtures, and stock in trade of the copartnership of J. D. Casey & Son, owned and held in the city of Colville, Washington, together with all book accounts, choses in action and promissory notes held by them, on January 1, 1916, this property to be transferred to the corporation by a bill of sale from Casey & Son; and in case its value exceeded $30,000, the corporation was to execute a demand promissory note to Casey & Son for the excess.

The agreement likewise provided that the corporation should purchase from the copartnership of Nicholas & Empey their stock in trade, not exceeding the value of $15,-000, of their mercantile business at Coeur d'Alene, Idaho. Casey & Son further agreed to receive as part payment from said corporation to them for the property which they were to turn over to this corporation the said promissory note which Empey was to execute for his stock.

The complaint in this action is the usual declaration upon a promissory note, to which appellant filed an amended answer and cross-complaint, setting forth *haec verba* the contract as a part of the same. Respondents answered said cross-complaint, and upon issues thus joined the cause was tried to the court sitting with a jury. At the close of the evidence the court directed a verdict for respondents for the

amount of the note sued upon and interest, together with $100 attorney's fees.

The only issue presented is as to whether or not there is any consideration to support the forfeiture note sued on in this action—that is, as to whether or not appellant had broken the terms of said agreement, and thereby made himself liable for the payment of this note, which had been executed upon the condition that it should be taken for liquidated damages in case he failed to carry out the conditions of this agreement on his part to be performed.

There is sufficient in the record to show that the note sued on in this action was executed without any other consideration than that it was to be taken and held as liquidated damages in case appellant should refuse to carry out his part of said agreement. The first and principal requirement of the agreement is that these four parties, together with a fifth who is not named, were to organize a corporation under the laws of the state of Washington, which corporation was to purchase the assets of the two partnerships, and thereafter the business as consolidated was to be carried on under the corporate name. It provides specifically how the stock shall be subscribed, and requires the appellant to execute his note to this corporation for the shares which he was to take. A very considerable part of the answer and cross-complaint, and also of appellant's evidence, is directed to an effort on his part to show that this note which he was to execute in payment for this stock was secured in accordance with the terms of the agreement, which required that the stock be deposited as collateral, and also secured by a real estate mortgage. It does not appear from the pleadings or from the evidence why this corporation was not created at the time and in the manner provided for by the terms of the agreement. It is clear, however, that this was not done, and that respondent could not execute his note to a corporation that had not been created, and therefore he could not be in default for a failure to execute this note unless he

had defeated the creation of such corporation by some act on his part.

Until respondents had shown or offered to show that they were ready, willing and able to perform their part of the agreement in the organization of this corporation, and that its organization had been defeated by some failure or refusal to act on the part of appellant, they could not recover upon the forfeiture note sued on in this action. Therefore all of that part of appellant's affirmative pleading, and the evidence in support thereof, whereby he was seeking to show that he could have executed the $7,498 note to the corpora- tion for the stock that was to be allotted to him in accord- ance with the original agreement to give real estate security, or with the agreement as he claimed it to have been subse- quently modified, was irrelevant and wholly immaterial.

The cross-complaint alleges that said Nicholas "has appro- priated the stock of goods, wares and merchandise owned by said Nicholas & Empey at Coeur d'Alene, Idaho, and turned the same over to said plaintiffs (respondents), and together with said plaintiffs, has organized a corporation and are now engaged in business under the terms of said contract, and have wholly and completely excluded this defendant from partici- pation therein," which allegation respondents answer by alleging that they "deny that said B. F. Nicholas has appro- priated the stock of goods, wares and merchandise owned by said Nicholas & Empey at Coeur d'Alene, Idaho, or have turned the same over to plaintiffs, or together with plaintiffs has organized a corporation or are now engaged in business under the terms of said contract, or have wholly or com- pletely or otherwise, or at all, excluded this defendant from participation therein." Respondent contends that appel- lant's allegation alleging the organization of a corporation must be held an affirmative pleading on his part that the cor- poration mentioned in the contract was created.

It is an anomaly in pleading where a party is seeking to avoid liability on a promissory note on the ground that it was given for a forfeiture, and the validity of his defense

depends upon the record showing that such corporation was not created, for him to set up by way of defense the foregoing paragraph quoted from his cross-complaint. It is equally as remarkable that respondents, who were seeking to hold him liable on this forfeiture note, should deny the creation of the corporation as alleged by appellant.

We think, however, that it is apparent from the entire record that appellant's allegation of the creation of the corporation was not intended to have any reference, and does not refer, to the corporation that was to be created by all of these parties under the terms of their agreement. It is apparent that if respondents and Nicholas have created a corporation, as appellant contends they have done, it was not created until long after January 1, 1916, and not in accordance with the terms and conditions as fixed by this contract governing the creation of the corporation which was to take over the mercantile business of these two firms.

Where the maker of a promissory note pleads want of consideration, plaintiff (payee) may recover in the absence of evidence in support of the plea. But if defendant give evidence tending to show want of consideration, the burden is on the plaintiff to show by a fair preponderance of evidence upon the whole case that there was consideration. (Brannan's Negotiable Instruments Law, 3d ed., sec. 24, p. 95, and cases there cited.) After appellant had alleged and proved facts sufficient to show that he was not to become liable upon this note except in case he defaulted in some of the conditions of the contract, and that there was no other consideration for this note, which facts were not controverted by respondents, it was then incumbent upon respondents to allege and prove that appellant had defaulted in performing some material condition of this agreement. The creation of the corporation being a condition precedent to appellant's executing the $7,498 note, before he could be charged with dereliction in the matter of its execution it would be necessary for respondents to show that the corporation had been created, or that appellant had prevented this from being

done; or some failure to act on the part of appellant that would make him liable on the forfeiture note.

Respondents contend that appellant having advised them that he could not give the real estate security mentioned in the contract, that they were relieved of any further action on their part. It is a general rule of the law of tender that where a party whose duty it is to make the tender advises the other party that he cannot or will not do so, it excuses the party to whom the tender should be made from further performance on his part. But this note, with its security, was to be given to a corporation, and not to respondents; hence appellant could not be in default for a failure to properly execute a note and mortgage when the payee or party to whom these obligations were to be executed had no legal existence, unless the failure to create this corporation was due to some failure on his part, which is not shown.

Upon the record, we are of the opinion that no consideration is shown to have moved from respondents to appellant for the note sued upon in this action, and the order of the lower court directing a verdict and entering judgment thereon should be reversed and a new trial awarded. It is so ordered. Costs awarded to the appellant.

Rice, C. J., and Budge and McCarthy, JJ., concur.

Dunn, J., having presided at the trial below, took no part.