(No. 5120.   May 25, 1929.)

FIRST NATIONAL BANK OF BLACKFOOT, a Corporation, Respondent, v. C. A. DOSCHADES, Appellant.

[279 Pac. 416.]

662

Roy L. Black and R. W. Katerndahl, for Appellant.

Thomas & Andersen, for Respondent.

BUDGE, C. J.—Respondent brought this action against appellant to recover upon two promissory notes, set forth in the complaint under two causes of action. After trial of the cause to court and jury, verdict was returned for respondent for the full amount claimed, and this appeal is prosecuted from the judgment entered on the verdict. There is no controversy here regarding the note set forth in the second cause of action. As to the proceedings involving recovery on the note made the basis of recovery under respondent's first cause of action, appellant contends (1) that the court erred in charging the jury as to matters of law, and particularly in the giving of instructions Nos. 3 and 8; and (2) that the evidence is insufficient to sustain the verdict.

By the instructions complained of the jury were advised, in effect, that appellant in his answer had asserted that there had been a failure of consideration for the giving of the note in question, and that in order for him to prevail thereunder it was necessary that such defense be established by a fair preponderance of the evidence.

Pertinent to the inquiry as to the correctness of the e instructions are C. S., secs. 5891 and 5895, taken from the Uniform Negotiable Instruments Act, being secs. 24 and 28 thereof:

Section 5891. "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

Section 5895. "Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto*, whether the failure is an ascertained and liquidated amount or otherwise."

In our opinion this question was adequately discussed and the proper conclusion reached by the supreme court of North Dakota in *First State Bank v. Radke*, 51 N. D. 246, 35 A. L. R. 1355, 199 N. W. 930, wherein it was said, after

considering a similar situation under identical statutory provisions:

"The burden of proving the affirmative defense of want of failure of consideration under the Negotiable Instruments Law is upon the defendant. The law implies that every promissory note which has been executed is founded upon an adequate and valuable consideration; if it be sought by the maker to negative this presumption of the law by affirmative pleading and proof, the burden is upon him to the end to prove by the greater weight of evidence, upon that issue, that the instrument was in fact given without consideration."

See, also, for further review of the authorities, annotation in 35 A. L. R., beginning at p. 1370, and 5 Uniform Laws Annotated, p. 152, d.

The giving of the instructions complained of does not warrant a reversal of the judgment.

Although the precise point here presented was not involved in *Casey v. Empey*, 34 Ida. 244, 200 Pac. 122, that opinion purports to announce the rule to the contrary, and to the extent that it is inconsistent with our views herein it must be held to be an inaccurate statement of the law.

Coming now to the second assignment of error, there is a clear conflict in the evidence which, if uncontradicted, is sufficient to support the verdict. "And where there is substantial evidence to support a verdict the same may not be set aside (C. S., sec. 7170), though the evidence may be conflicting." (*Webster v. McCullough*, 45 Ida. 604, 264 Pac. 384.)

The judgment is affirmed, with costs to respondent.

Givens and Varian, JJ., and Brinck, D. J., concur.

WM. E. LEE, J., Dissenting.—I dissent. The precise point was decided in *Casey v. Empey*, 34 Ida. 244, 200 Pac. 122. In that case, the court said:

"Where the maker of a promissory note pleads want of consideration, plaintiff (payee) may recover in the absence of evidence in support of the plea. But if defendant give

evidence tending to show want of consideration, the burden is on the plaintiff to show by a fair preponderance of evidence upon the whole case that there was consideration. (Brannan's Negotiable Instruments Law, 3d ed., sec. 24, p. 95, and cases there cited.) ''

To the same effect, see *Shellenberger v. Nourse*, 20 Ida. 323, 335, 118 Pac. 508; *Bringman v. Von Glahn*, 71 App. Div. 537, 75 N. Y. Supp. 845; *Hardinge v. United States Zinc Co.*, 171 App. Div. 742, 157 N. Y. Supp. 852; *Holbert v. Weber*, 36 N. D. 106, 161 N. W. 560; *First Nat. Bank v. Paff*, 240 Pa. St. 513, 87 Atl. 841; *Perley v. Perley*, 144 Mass. 104, 10 N. E. 726; *Ginn v. Dolan*, 81 Ohio St. 121, 135 Am. St. 761, and note, 18 Ann. Cas. 204, 90 N. E. 141.

(July 25, 1929.)

ON PETITION FOR REHEARING.

BRINCK, District Judge.—In a petition for rehearing filed by appellant, his counsel presents very clearly and forcefully the view taken by some courts that by the provisions of the Uniform Negotiable Instruments Act quoted in the original opinion herein, it was intended that the burden upon the maker of a note, with reference to the defense of want of consideration, should be merely the burden of producing evidence tending to show lack of consideration, as distinguished from the ultimate burden of convincing the tribunal upon the whole evidence, which, according to this view, remains at all times with the holder. This view seems to us to place an undue strain upon the plain language of C. S., sec. 5895. When it is said that either absence or failure of consideration is a matter of defense, it requires a considerable effort to say that such defense is not an affirmative defense which must be established by a preponderance of the evidence. A case often cited in favor of this view, and relied upon by appellant here, is *Ginn v. Dolan*, 81 Ohio St. 121, 135 Am. St. 761, 18 Ann. Cas. 204, 90 N. E. 141, decided after the enactment in Ohio of the

Uniform Act, but without specific reference thereto. That decision holds, in common with the decisions of some other states prior to the enactment of the Uniform Act, that the ultimate burden of proof as to want of consideration is upon the holder of the note, but as to failure of consideration is upon the maker. Of course, such a distinction is impossible of comprehension if based upon C. S., sec. 5895, for both absence and failure of consideration are by that section placed in the same category, and the court in that case could not have had the statute in mind. It is superfluous here to cite or discuss the authorities. They are grouped in a very exhaustive note in 35 A. L. R. 1370 et seq. In *First State Bank v. Radke,* cited in the opinion of Chief Justice Budge herein, Mr. Justice Johnson analyzes and criticises the cases supporting appellant's contention here. We think the argument and the conclusions of Mr. Justice Johnson sound.

We also have in this state the general statutes identical with those considered in *First State Bank v. Radke,* as follows:

C. S., sec. 5663: "A written instrument is presumptive evidence of a consideration."

C. S., sec. 5664: "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

The language of C. S., sec. 5664, is so plain that it seems but toying with words to hold that in spite of that statute the ultimate burden of convincing the tribunal as to a consideration remains with the party who is not seeking to avoid the instrument. Decisions from states having these and similar statutes are grouped in the note in 35 A. L. R. at pages 1405–1409. In many of those states, as in *First State Bank v. Radke,* it is expressly held that by virtue of such statute the maker of a note has the burden of proving by a preponderance of the evidence that the note was without consideration (*First Presbyterian Church v. Dennis,* 178 Iowa, 1352, 161 N. W. 183, L. R. A. 1917C, 1005; *Ford v. Drake,* 46 Mont. 314, 127 Pac. 1019; *Thom v. Stewart,* 162 Cal. 413, 122 Pac. 1069; *Ball v. White,* 50 Okl. 429, 150

Pac. 901, rule applied to contract not negotiable), and none of the cases there cited, or that we have found, construing similar statutes, hold to the contrary.

Appellant relies upon the decisions of this court in *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525, and *Shellenberger v. Nourse,* 20 Ida. 323, 118 Pac. 508. The question involved in both of these cases was as to the burden of proof with reference to whether an indorsee is a holder in due course, and they are not authority upon the question here raised, but construe a different section of the Uniform Act (C. S., sec. 5926). *Casey v. Empey,* 34 Ida. 244, 200 Pac. 122, announces the rule contended for by appellant. That decision cites Brannan's Negotiable Instruments Law, 3d ed., sec. 24, p. 95, and cases there cited. These are decisions supporting that rule, in the main at common law. The author's own opinion, at p. 97, is to the contrary. Professor Williston, in common with Professor Brannan, considers that the Uniform Act settled the law and placed the ultimate *onus probandi* upon the maker of the note. (Williston on Contracts, sec. 108, n. 17.)

Were it not for the express provisions of the statutes, we would be inclined, upon the principle of *stare decisis,* to follow the rule stated in *Casey v. Empey;* but it is clear that none of the statutes here involved were called to the attention of the court in that case, and that it was decided, as so many cases involving negotiable instruments in other jurisdictions have apparently been decided, without reference to the provisions of the statutes. No vested property rights can have accrued in reliance upon *Casey v. Empey,* and we consider it mandatory that the positive statutes upon the subject be given effect, rather than that an incorrect ruling made through oversight with respect to the statutes, be perpetuated.

The petition for rehearing is denied.

Budge, C. J., and Givens and Varian, JJ., concur.