DILTS, RESPONDENT, *v.* BROOKS ET AL., APPELLANTS.

(No. 5,010.)

(Submitted January 29, 1923. Decided February 28, 1923.)

[213 Pac. 600.]

*Chattel Mortgages — Foreclosure — Equity— Merger — Promissory Notes—Want of Consideration—Presumptions—Burden of Proof—New Trial—Time for Filing Notice of. Motion —Extension of Time Unauthorized.*

Promissory Notes — Want of Consideration — Presumptions—Burden of Proof.
    1. The presumption is that promissory notes were supported by a sufficient consideration, and the burden of proving want of consideration is upon the party alleging it.
Merger—Definition.
    2. In law a merger arises where a greater and a less estate coincide and meet in one and the same person, in one and the same right,

———

2. Intention of parties as determining merger, see note in 7 **Ann.** **Cas.** 700.

[66 Mont. 346.]

without any intermediate estate; in equity the same rule applies, except that while at law it is inflexible, in equity it is controlled by the expressed or implied intention of the party in whom the interest or estates unite.

Same—Equity.

3. Equity will never allow a merger to be prevented and a mortgage or other security to be kept alive when this result would aid in carrying out a fraud or other unconscionable wrong under cover of legal forms, and will interpose only to prevent a merger in order thereby to work substantial justice.

Chattel Mortgages—Foreclosure—Merger.

4. A chattel mortgage secured twenty notes, eight of which were owned by B. and G., and twelve by C., who negotiated the twelve to plaintiff for value. Upon default of payment, B. and G. bought the mortgaged property back from the mortgagor and settled with her. Plaintiff sued to foreclose, and B. and G. contended that there was an agreement between them and C. that the twelve notes held by C. should not be secured by the mortgage until the notes held by B. and G. were paid. *Held,* that the interest of B. and G. having become merged in legal title to the mortgaged property when they settled with the mortgagor and paid her money which in good conscience should have gone to plaintiff, thereby discharging the property of their claims, and that foreclosure for plaintiff's benefit was properly decreed.

New Trial—Filing Notice of Motion—Extension of Time Unauthorized.

5. Since the enactment of section 9399, Revised Codes of 1921 (sec. 7, Chap. 225, Laws of 1921), the time for filing of notice of motion for a new trial cannot be extended either by order or stipulation, and therefore where such a notice was not filed until after the expiration of ten days it was too late and was properly stricken from the records, the contention that the defect was waived by the actions of opposing counsel being of no avail.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

Suit to foreclose a chattel mortgage by Clara J. Dilts against George F. Brooks and others. From a judgment and decree for plaintiff, and from an order striking notice of motion for new trial, defendants appeal. Judgment and order affirmed.

Cause submitted on briefs of Counsel.

*Mr. Albert Besancon,* for Appellants.

*Mr. Thomas N. Marlowe,* and *Mr. Harry H. Parsons,* for Respondent.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action is before us on an appeal from a judgment and decree foreclosing a chattel mortgage, and from an order striking from the files the appellants' notice of motion for a new trial. The following are the facts which we deem material to a conclusion in the case: The mortgage foreclosed was given to secure the payment of twenty promissory notes aggregating $2,100, each note falling due on a different date. The notes executed by defendants Mary L. and George H. Potter, and the mortgage executed by Mrs. Potter alone, were originally given to appellant J. B. Hire, who appears to have been acting merely as a trustee. Upon their execution, the eight notes, totaling $750, falling due first, were owned by appellants George F. Brooks and A. J. Gibson, and the twelve notes, totaling $1,350, were owned by defendant L. U. Cornelius. The mortgage was upon certain hotel furnishings which had been purchased by defendant Mary L. Potter from appellants Brooks and Gibson, whose notes, amounting to $750, represented a balance of the purchase price of the furnishings. The twelve notes were indorsed by Brooks as attorney in fact for Hire to Cornelius, who sold them to plaintiff for a valuable consideration. None of her notes having been paid, after a portion had fallen due, plaintiff, electing to consider the entire amount due, brought suit to foreclose the mortgage, joining all the other persons as parties defendant. Defendants Potter, Mrs. Potter and Cornelius defaulted. Defendants and appellants Brooks, Gibson and Hire answered jointly. They admitted the execution and delivery of the twelve notes and the mortgage securing the same to Hire, and among other matters set up that the notes of plaintiff were without consideration and that there was an agreement between Cornelius, Brooks and Gibson that Cornelius' notes should not be secured by the mortgage until the notes of Brooks and Gibson were paid, regardless of the fact that they were apparently secured thereby. After trial, the judgment and decree in favor of the

plaintiff was entered on July 19, 1921. Notice of decision was given by plaintiff to appellants on July 21, 1921, and, after service thereof, appellants filed a notice of motion for a new trial on August 2, 1921. This notice was later, on motion of the plaintiff, ordered stricken from the files, for the reason that it was not filed within the time allowed by law.

The complaint was in usual form, and plaintiff's proof fully substantiated its allegations. The only testimony adduced by appellants was that of Brooks, with whom all the business was transacted in the first instance. He was the only witness called by defendants. He testified that Cornelius had, prior to the indorsement to him of the notes, agreed that under no condition were the twelve notes to be secured until the eight notes were fully paid. He also testified that Mrs. Potter paid $300 of the $750, and that thereafter, upon learning that plaintiff claimed the twelve Cornelius notes, he wrote her stating that he and Gibson owned $450 of the notes which were prior in date to hers (plaintiff's), stating that since his notes were overdue, something had to be done to collect, that the only way would be to foreclose, and offering to buy plaintiff's notes or sell their own "and get all notes in one ownership." He also testified that later, Mrs. Potter not having kept up the payments, he bought the property back from her, "settling with her, * * * paid her her terms, and took the property back from her." There was no testimony to substantiate the defense of want of consideration.

There are eight specifications of error. In the light of the circumstances disclosed by the record, they are all without merit.

As to the question of consideration which was raised, we point [1] out that under section 7512 and subdivision 21 of section 10606, Revised Codes of 1921, the notes being in writing, they were presumed to have been supported by sufficient consideration. The burden, therefore, was on appellants to prove want of consideration. (See sec. 7513, Rev. Codes 1921.) This they failed to do. While an offer of proof of

want of consideration was made, they predicate no error on the order denying it. We apprehend that upon looking into the question they found that the offer of proof was insufficient.

While it is doubtful whether the testimony supported some of the exact findings made, it does support the conclusions and decree. In the absence of any testimony for appellants, the court would have been bound to decree a foreclosure of the mortgage, and, under the testimony which they did adduce, the same conclusion was inevitable. The strongest effect such an arrangement as Brooks testified to as having been made, could have, would be that appellants and Cornelius were to share in the security according to certain priorities. Had they stood on their rights under the mortgage, appellants' remedy would have been to join in asking to have the mortgage foreclosed, the property sold, and the proceeds apportioned according to the priorities. This they did not see fit to do. Their actions resulted in merging their equitable interest in the legal title and discharging the property of all their claim under the mortgage. "A merger at law is defined to be [2, 3] where a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate. The less estate is immediately annihilated, or in the law phrase it is said to be merged—that is, sunk or drowned—in the greater. * * * The rule in equity is the same as at law, with this modification: That at law it is invariable and inflexible; in equity it is controlled by the expressed or implied intention of the party in whom the interest or estates unite." (5 Words and Phrases, p. 4492.) While it is true that, under certain conditions, in equity it will be held that a merger does not result upon the coincidence of the greater and lesser estate, the actual intention will always prevail. It is also the rule that: "Whatever may be the circumstances, or between whatever parties, equity will never allow a merger to be prevented and a mortgage or other security to be kept alive, when this result would aid in carrying a fraud or other unconscientious wrong into effect, under cover of

legal forms. Equity only interposes to prevent a merger, in order thereby to work substantial justice." (2 Pomeroy on Equity, sec. 794.)

Appellants did not seek to protect themselves under the equitable doctrine of prevention of a merger. In our opinion [4] they could not have invoked it. The testimony discloses that their notes were "settled" by the transaction, which is always a material factor in accomplishing a merger; and that they actually paid the mortgagor moneys which in good conscience should have gone to the plaintiff. They come into court standing on their legal title. On the record it appears that the court could not have entered a decree which did not recognize plaintiff's prior rights and foreclose the mortgage for her benefit. Since all the evidence touching the subject was introduced by the appellants themselves, it was within the issues and was conclusive of the case. There was sufficient testimony to warrant the court in making all findings necessary to support the judgment which was entered.

There was no error committed in making the the order [5] striking the notice of motion for a new trial. The notice was filed too late. It is argued, however, that counsel for plaintiff waived this by their actions. The argument is unsound, for, the decision of the case having been made after the statute went into effect, by the terms of section 9399, Revised Codes of 1921, no extension of time can be granted either by order or by stipulation. A new trial therefore could not have been granted on the notice, and there was no error in the ruling of the court purging its records of a useless document.

We recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*