FIRST STATE BANK OF HAZEN, NORTH DAKOTA, a Corporation, Respondent, v. G. G. RADKE, Appellant.

(35 A.L.R. 1355, 199 N. W. 930.)

**Bills and notes — defense of want of consideration, burden on maker.**

    In an action on a negotiable promissory note, where the maker alleges want of consideration, the burden is on him to prove that defense by a preponderance of the evidence on that issue.

Opinion filed July 24, 1924.

Note.—Burden of proof as to consideration for bill or note, see note in 35 A.L.R. 1370; 3 R. C. L. 929; 1 R. C. L. Supp. 923.

Bills and Notes, 8 C. J. § 20 p. 41 n. 30; § 1136 p. 867 n. 98: § 1296 p. 990 n. 9, p. 992 n. 19; § 1299 p. 995 n. 70, p. 996 n. 74; § 1359 p. 1048 n. 21. Contracts, 13 C. J. § 946 p. 760 n. 74. Defense, 18 C. J. § 7 p. 463 n. 95, p. 464 n. 4. Evidence, 22 C. J. § 13 p. 68 n. 42; § 14 p. 69 n. 48, p. 70 n. 50. Instrument, 32 C. J. § 2 p. 946 n. 3. Pleading, 31 Cyc. p. 218 n. 84.

Appeal from District Court, Mercer County, North Dakota, *Berry,* J.

Affirmed.

*David Schwartz,* for appellant.

"An instruction was not erroneous which, in a suit on a promissory note, charged that the burden is on the plaintiff in the first instance to show prima facie that there was a consideration. The burden then shifts to the defendant to show that there was no consideration, and if the defendant meets that issue with sufficient evidence to overcome the prima facie showing of the note that it bears a consideration, then the burden returns to the plaintiff to establish upon the entire and on the whole case that there was a consideration for the note." Holbert v. Webber, 36 N. D. 106.

It is the law that the knowledge of the officer of the bank is imputed to the bank. Emerado Farmer's Elevator Co. v. Farmers Bank, 20 N. D. 270, 127 N. W. 522; McCarty v. Kepreta, 24 N. D. 395, 139 N. W. 992; State Bank v. Missia (Minn.) 175 N. W. 614.

Decisions of courts of last resort are to be regarded as law and should be followed by inferior courts, whatever the view of the latter may be as to their correctness, until they have been reversed or overruled, and this rule as applied to inferior state courts is not affected by the fact that the decision of the state court of last resort is contrary to the rule as established by the weight of authority outside of the state. 15 C. J. 920.

*John Moses* and *Berdahl & Hyland,* for respondent.

The question of want of consideration is an affirmative defense and the burden of proof is upon the one who seeks to invalidate a written instrument. It is determined by the pleadings and the burden of proof never shifts. Mercer County State Bank v. Hays, 34 N. D. 610; Shoe Co. v. Jackson (S. D.) 115 N. W. 656; South Dakota C. R. Co. v. Smith (S. D.) 116 N. W. 1120, 135 Am. St. Rep. 773, note; Frick v.

Hoff (S. D.) 128 N. W. 495; Emerson-Brantingham Co. v. Brenner, 35 N. D. 94; Gould v. Moor, 32 N. D. 432.

"As a matter of defense the burden of proof rests on the defendant who asserts it," and a charge was sustained "That the defendant must show by the greater weight of the evidence, that the note was signed by him without consideration." Pine v. Brittian, 165 N. C. 401, 81 S. E. 462.

A note for a note is a good and sufficient consideration even if the plaintiff was not a bona fide purchaser before maturity and a holder of such note can recover against the maker. American Nat. Bank v. Patterson, 7 A.L.R. 1563, and cases cited. 7 A.L.R. 1569, annotations.

The only defense claimed by appellant being want of consideration and the evidence showing a good and sufficient consideration, a note for a note, and there being no possibility that appellant may have a different defense on a new trial, the respondent is entitled to a judgment notwithstanding the verdict. Shobe v. Smith, 34 N. D. 335; First State Bank v. Kelly, 30 N. D. 84; McVeety v. Harvey Mercantile Co. 24 N. D. 245.

JOHNSON, J. This is an appeal from an order of the district court of Mercer county, granting a new trial. Suit was brought on a promissory note by the plaintiff against the defendant as maker. The note was payable to Benjamin Stoelting and was by the payee endorsed "without recourse" to the plaintiff. The trial resulted in a verdict and judgment for the defendant. The plaintiff moved for a new trial upon the ground, among others, that the court had misdirected the jury with respect to the burden of proof. The defendant set up absence of consideration and knowledge thereof by the plaintiff. The court instructed the jury that the plaintiff "must either prove that there was a valuable consideration for this note, as defined to you by the section of the law I have just read to you; or it must prove that it was a holder in due course, as defined by the section of the law which I have just read to you; or it must prove to you that this note was accommodation paper." From the quoted portion of the charge, it appears that the burden was definitely placed upon the plaintiff to prove consideration without regard to the presumption declared by §§ 6909 and 6913, Comp. Laws 1913. This was error in itself sufficient to justify the order granting

a new trial. The motion for a new trial was rested principally upon the alleged error in thus placing the burden of proof, plaintiff contending that absence of consideration is an affirmative defense and that the burden of establishing the same, by a preponderance of evidence, rests upon the defendant to the end. The trial court accepted this view of the law and ordered a new trial.

The sole question is upon the correctness of the instruction quoted. The trial court, in giving this charge, probably relied, to some extent, upon an instruction approved in Holbert v. Weber, 36 N. D. 106, 161 N. W. 560. In that case, the portion of the charge challenged on appeal was in the following language:

"The burden is on the plaintiff in the first instance to show prima facie that there was a consideration. The burden then shifts to the defendant to show that there was no consideration, and if the defendant meets that issue with sufficient evidence to overcome the prima facie showing of the note that it bears a consideration, then the burden returns to the plaintiff in this case to establish upon the entire and on the whole case that there was a consideration for the note, so that in this case, gentlemen of the jury, the burden is on the plaintiff in this case, upon the whole evidence, to show that there was a consideration for the note in question."

This instruction was held correct and 8 C. J. 997, and Jones, Ev. § 179, are cited in support of that conclusion. The trial court, however, in a carefully prepared memorandum opinion, concluded, that, inasmuch as no reference to § 5882, Comp. Laws 1913, or to §§ 6909 and 6913, Comp. Laws 1913, being §§ 24 and 28 of the Negotiable Instruments Law, had been made in the case cited, these sections were never called to the attention of this court. The trial court, therefore, concluded that the burden was not upon the plaintiff to prove consideration upon the entire case, but that it devolved on the defendant to prove absence of consideration, and that this must necessarily follow by reason of §§ 5882, 6909 and 6913, supra. See also Mercer County State Bank v. Hayes, 34 N. D. 601, 610, 159 N. W. 76.

There is, therefore, but one question involved on this appeal. When want or failure of consideration is alleged as a defense to a suit on a negotiable promissory note, in an action between the original parties, or between the maker and a transferee with knowledge, is the burden,

under the Negotiable Instruments Law, thrown upon the defendant, who relies on that defense, not only to offer evidence tending to show lack of consideration, but of establishing absence of consideration as an ultimate fact, by the greater weight of evidence; or is it proper to tell the jury that when evidence tending to show lack of consideration has been introduced, the burden is on the plaintiff to prove, by preponderance of evidence, on the whole case, that there was consideration for the note?

Upon this subject this court has spoken in two cases, Holbert v. Weber, supra, and Stubbins Hotel Co. v. Beissbarth, 43 N. D. 191, 174 N. W. 217. We have quoted, supra, the instruction approved in Holbert v. Weber. That instruction placed the burden of proof in accordance with the rule which, it must be conceded, has been approved by an abundance of judicial authority in this country. See 8 C. J. 994–997; 3 R. C. L. 928. In Daniel, Neg. Inst. 5th ed. § 164, this is said to be the better rule under the law merchant. An examination of the authorities, however, shows that there was some conflict on this point prior to the Negotiable Instruments Law. Kearney v. Whitehead, 34 La. Ann. 530 (1882); Lipsmeier v. Vehslage (C. C.) 29 Fed. 175; Hathaway v. Hagan, 59 Vt. 75, 8 Atl. 678. See also Shaffer v. Bond, 129 Md. 648, 99 Atl. 973. It is very likely that the authors of the Negotiable Instruments Law intended to settle this conflict when the act was drawn, particularly by §§ 24 and 28 thereof (§§ 6909 and 6913, supra). In the case of Holbert v. Weber, no reference whatever is made to § 5882, supra; or to any provision of the Negotiable Instruments Law. Nor was any reference made to these sections in the briefs of counsel in that case. The opinion seems to have been written and the case decided under the influence of the authorities as they existed prior to the adoption of the act. In Stubbins Hotel Co. v. Beissbarth, § 5882, Comp. Laws 1913 is invoked, but no reference is made to §§ 6909 and 6913, Comp. Laws 1913, being §§ 24 and 28 of the Negotiable Instruments Law. In that case the defendant set up, among other so-called affirmative defenses, the defense of lack of consideration. This court approved an instruction in the following language:

"Gentlemen of the jury, I charge you it is incumbent upon the defendant to prove all of the facts set up as an affirmative defense in

avoidance of the facts set up by the plaintiff, by a *preponderance of the evidence.*" (Italics are ours.)

Having in mind the distinction between burden of proof and the burden of proceeding with the evidence at different stages of the trial, (see Guild v. More, 32 N. D. 432, 155 N. W. 44) we think that these two decisions cannot be reconciled and that they lay down conflicting rules with respect to the burden of proof when want or failure of consideration is interposed as a defense.

We believe that a correct application of the statutes of this state to the question in issue will remove all doubt as to which decision should control on this appeal. The following sections of the Compiled Laws of 1913 are pertinent to the inquiry before us:

Sec. 5881. "A written instrument is presumptive evidence of a consideration." (1877.)

Sec. 5882. "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." (1877.)

Sec. 7936. "All other presumptions are satisfactory, if uncontradicted. They are denominational disputable presumptions, and may be contradicted by other evidence. The following are of that kind:

(21) "That a promissory note or bill of exchange was given or indorsed for a sufficient consideration." (1897.)

Sec. 6909. "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." (1899.)

Sec. 6913. "Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise." (1899.)

As has been pointed out, no reference is made in Holbert v. Weber to §§ 5882, 6909 or 6913. Is § 5882 applicable? I think that question must be answered in the affirmative. True, it is found in the Civil Code as a part of the chapter on Contracts, but no exceptions are made. Its terms are unequivocal and unqualified. Certainly a promissory note is a "written instrument" or "instrument," Bouvier's Law Dict.; certainly, a promissory note is a contract between the parties to it. The

fact that the law has made this kind of instrument an object of special privilege in commercial intercourse, has put upon it characteristics in addition to those belonging to an ordinary, simple contract, should not deprive or divest it of the character of a written instrument, within the purview of these sections. In other sections of the Compiled Laws 1913, that a promissory note is an "instrument" is impliedly recognized, e. g., §§ 7551 and 9890, where the phrase "note or *other* instrument" occurs.

In California, where we find statutes identical with §§ 5881 and 5882, it seems to have been taken for granted that these provisions are applicable to promissory notes as well as to other written instruments of a contractual character. In Dimond v. Sanderson, 103 Cal. 97, 37 Pac. 189, the court assumes that a statute identical with § 5882, Comp. Laws 1913 applies to a promissory note and that the burden therefore is upon the defendant throughout to establish want of consideration. The same appears in the dissenting opinion in McLaughlin v. Clausen, 85 Cal. 322, 24 Pac. 636, the dissent not involving this particular question. The applicability of the statutes is also recognized in Creditors' Union v. Lundy, 16 Cal. App. 567, 117 Pac. 624; and Thom v. Stewart, 162 Cal. 413, 122 Pac. 1069; and in 3 Sutherland, Code Pl. Pr. & Forms, § 5518, note 556. In Montana, §§ 7512 and 7513, Rev. Code (Mont.) 1921, are identical with §§ 5881 and 5882, supra. They appear in and were enacted as a part of the chapter on Contracts. Those sections have uniformly been held to be applicable to negotiable instruments. See Ford v. Drake, 46 Mont. 314, 319, 127 Pac. 1019; Dilts v. Brooks, 66 Mont. 346, 213 Pac. 601. In Borden v. Lynch, 34 Mont. 503, 511, 87 Pac. 609, an instruction to the effect that the duty devolved upon the defendant "in order to overthrow the note and mortgage for the lack of a consideration to show that fact by preponderance of the evidence introduced on that issue" is held correct, in an opinion written by Brantly, Ch. J., and that under the sections referred to, the burden rests upon the defendant to prove want of consideration. No reference is made to the Negotiable Instruments Law. The applicability of the sections cited is assumed.

In South Dakota we find identical statutory provisions in the Civil Code. In Frick Co. v. Hoff, 26 S. D. 360, 128 N. W. 495 (1910) the court says:

"The only issue raised by the pleading, it will be observed, is whether there was a sufficient consideration for the note which appellant admits he signed. Under this defense the burden of showing that there was no consideration for the note rests upon the defendant; the execution of the note being admitted."

The court then cites in support of this statement of the rule sections of the South Dakota Civil Code, identical with §§ 5881 and 5882, supra. In a note to Ginn v. Dolan, 135 Am. St. Rep. 774, the annotator (Freeman) says at page 774, speaking of Code provisions similar to §§ 5881 and 5882, supra, but with particular reference to the California statutes, the language of which is identical with our own: "In many states there is an express code provision as in the California Civil Code, § 1615, that 'the burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it' and in so far as commercial paper is concerned, it serves the useful purpose of declaring the law and saves that reference to authority which the increasing number of cases renders always arduous and often vain."

I see no reason in the statutes or in the authorities for holding that § 5882 is not applicable to all written instruments, including promissory notes. The burden, therefore, was upon the defendant throughout to establish by the greater weight of evidence upon that issue that the note in suit was given without consideration. See also McCormick Harvesting Mach. Co. v. Jacobson, 77 Iowa, 582, 42 N. W. 499.

We are not unmindful of the fact that much high authority may be found seemingly holding a contrary doctrine, in the absence of a statute substantially identical with § 5882, supra. In 3 R. C. L. 928 (1914) it is said:

"There has been much discussion, not a little confusion, and some little conflict among the decisions respecting the party on whom rests the burden of proof as to consideration vel non. There seems to be no doubt, however, but that the burden of proof is upon the plaintiff to establish the fact that the instrument was given for a valuable consideration."

No reference is made in the text to the Negotiable Instruments Law or to §§ 24 and 28 thereof. In support of this statement of the rule, the text cites the following cases: Small v. Clewley, 62 Me. 155, 16

Am. St. Rep. 410 (1873) ; Huntington v. Shute, 180 Mass. 371, 91 Am. St. Rep. 309, 62 N. E. 380 (1902) ; Ginn v. Dolan, 81 Ohio St. 121, 135 Am. St. Rep. 761, 90 N. E. 141, 18 Ann. Cas. 204 (1909) ; and Best v. Rocky Mountain Nat. Bank, 37 Colo. 149, 7 L.R.A.(N.S.) 1035, 85 Pac. 1124.   The case of Small v. Clewley, supra, was decided more than forty years before the Negotiable Instruments Law was enacted in the state of Maine.   It is of no value, whatever, except in so far as it indicates the trend of authority prior to the Negotiable Instruments Law.   The Best Case, although decided nearly ten years after the Negotiable Instruments Law was adopted in the state of Colorado, makes no reference whatever to the act.   The case relies principally upon the authority of Small v. Clewley, from which a quotation is taken, and Huntington v. Shute, 180 Mass. 371, 91 Am. St. Rep. 309, 62 N. E. 380, from which the court also quotes extensively.   The Colorado court takes the view that "the burden of proof is on the plaintiffs to establish a consideration and the burden does not shift from them to the defendant."   In view of the fact that no reference, whatever, is made to §§ 24 and 28 of the Negotiable Instruments Law in this case, it cannot be considered authority upon the correct interpretation of those sections, with reference to the burden of proof, when the defense is want of consideration.   In the Huntington Case, supra, no reference is made to the Negotiable Instruments Law.   It, in turn, rests largely upon the authority of Delano v. Bartlett, 6 Cush. 364, and other Massachusetts cases decided many years before the Negotiable Instruments Law was adopted in that commonwealth.   The case of Ginn v. Dolan, 81 Ohio St. 121, 135 Am. St. Rep. 761, 90 N. E. 141, 18 Ann. Cas. 204, is in the same category as the other cases referred to, in this, that it does not cite or in any manner refer to the Negotiable Instruments Law.   It deserves a more extended consideration, however, for the reason that it affirmatively appears in that case that the court did not have before it or give any consideration whatever to pertinent sections of the Negotiable Instruments Law.   The court says:

"It is proper to say, further, replying to a suggestion by counsel in argument, that a plea of *failure* of consideration, or of payment, presents a case very different from this.   These defenses, as it were, confess and avoid.   They are *affirmative defenses,* and upon such the bur-

den is upon the *defendant from the beginning to the end just as it is upon the plaintiff here."* (Italics are ours.)

The defense in the Ginn Case was *want,* not *failure,* of consideration. It was held, in Massachusetts, prior to the Negotiable Instruments Law, that want of consideration and failure of consideration were essentially different defenses. Delano v. Bartlett, supra. Want of consideration asserts that there never was any; while failure of consideration admits that there was at one time consideration for the instrument, but that such consideration, for reasons alleged, had ceased to exist. The latter defense is unquestionably new matter and affirmative in character.

In 1 Daniel, Neg. Inst. § 164, it is said: "But if the defendant alleged a failure of consideration, the burden will be upon him to prove it," thereby in effect saying that a different rule applies to the burden of proof when want of consideration is sought to be proved than when failure of consideration is the defense. The cases cited do not fully sustain this statement of the rule. The Negotiable Instruments Law, at any rate, swept away this technical and somewhat confusing distinction.

The distinction adverted to above originated, I believe, in Massachusetts. In the case of Powers v. Russell, 13 Pick. 69, decided in 1833, Chief Justice Shaw, speaking of the burden of proof, says:

"It was stated here, that the plaintiff had made out a prima facie case, and, therefore the burden of proof was shifted and placed upon the defendant. In a certain sense, this is true. Where the party having the burden of proof establishes a prima facie case, and no proof to the contrary is offered, he will prevail. Therefore the other party, if he would avoid the effect of such prima facie case, must produce evidence, of equal or greater weight, to balance and control it, or he will fail. Still the proof upon both sides applies to the affirmative or negative of one and the same issue, or proposition of fact; and the party whose case requires the proof of that fact, has all along the burden of proof. It does not shift though the weight in either scale may at times preponderate.

"But when the party having the burden of proof gives competent and prima facie evidence of a fact, and the adverse party, instead of producing proof which would go to negative the same proposition of

fact, proposes to show another and a distinct proposition which avoids the effect of it, there the burden of proof shifts and rests upon the party proposing to show the latter fact."

In the case of Jennison v. Stafford, 1 Cush. 168, 48 Am. Dec. 594, decided in 1848, while Chief Justice Shaw was still a member of the court, the court held that an instruction by the trial court to the effect that in a suit to recover on a promissory note "the burden of proving a failure of the consideration of the note is on the maker and not on the payee. Such a note is presumed to be founded on a valid and sufficient consideration, and the burden of proof is on the maker to establish the contrary. Chitty, Bills, 10 Am. ed. 68; Story, Notes, § 181. A fortiori, we think, is the burden on him to show a failure of the consideration." It will be noted that the Supreme Judicial Court of Massachusetts in this case places the burden of proof, when the defense of failure of consideration is invoked, squarely upon the defendant throughout the case. In Delano v. Bartlett, supra, decided in 1850, this question was again before the supreme judicial court of Massachusetts and it was there held that when *want* of consideration was set up as a defense in a suit on a promissory note, the burden of proof was, throughout, on the plaintiff to satisfy the jury, upon the whole evidence, in the case, of the fact of a consideration for the note, the plaintiff being the party whose case required proof of a consideration. In distinguishing the case of Jennison v. Stafford, supra, the court in Delano v. Bartlett draws a distinction between *failure* and *want* of consideration as a defense. The court say that the defendant, in order to avoid the prima facie case of the plaintiff, made by producing the note "the defendant proposed to show *another and distinct proposition.*" It was doubtless intended to apply the proposition in the second paragraph, quoted supra, from Powers v. Russell. In the later case of Burnham v. Allen, 1 Gray, 496, decided in 1854, the learned Chief Justice Shaw reiterates the statement of the rule in Delano v. Bartlett, to the effect that the "burden is on the plaintiff to prove a good consideration; if the whole evidence, offered on both sides, leaves it in doubt whether there was a good consideration or not, the plaintiff fails in making out the case and the defendant will be entitled to a verdict." See Randolph, Com. Paper, § 566, where the distinction does not seem to be recognized.

In Parish v. Stone, 14 Pick. 198, 25 Am. Dec. 378 (1833) Chief Justice Shaw also recognizes this distinction between want and failure of consideration. In that case, the chief justice says that "the burden is upon the defendant to show, to what extent the note is without consideration." The learned chief justice was careful in his choice and use of legal terms. There is no doubt that by "burden" he meant, not the duty to offer some evidence to show the extent to which the consideration had failed, but the ultimate burden of proving, by preponderance of evidence, the extent of the failure. Such seems to be the sense in which the term is used in § 59. See Brannan, Neg. Inst. Law, pp. 217, 218. Indeed, when it is recalled that the rule was at one time quite generally recognized that, when the consideration partly failed, the maker was not permitted, in a suit upon the note by the payee, to show, either as a defense or by way of recoupment, a partial failure of consideration, but was limited to a separate action, it is easy to understand why the burden rested upon the defendant to the end to prove the extent of the failure, when such defense was allowed. I do not believe that there was any substantial conflict in the authorities on this proposition and that the general rule was that when partial failure of consideration was interposed as a defense pro tanto, the burden to establish the extent of the failure was upon the maker to the end. On the other hand, as has been pointed out, the majority rule in this country was to the effect that the burden upon the entire case to establish consideration rested upon the plaintiff, although at one stage of the trial he had a right to rely on the presumption of consideration and the duty to proceed with the evidence to establish the want thereof devolved on the defendant. It must be manifest that the framers of the Negotiable Instruments Law intended to settle the rule, and, deliberately, by § 28 of the act, put the defenses of lack and partial failure of consideration, whether the latter be liquidated or not, in the same category, and did abolish entirely the distinction between them, with the burden on the maker to establish the failure, or its extent. Both are matters of defense. Consider, by way of illustration, the defense of partial failure of consideration. Suppose the damages are not liquidated. Generally, though, perhaps, not universally, the maker was required to resort to a cross action, when, of course, the burden was on him to the end. See Dan. Neg. Inst. § 204. Now he may interpose

such partial failure as a defense under § 28 of the act, but is he relieved from the duty that devolved upon him prior to the act, of providing, by a preponderance of evidence on that issue, the amount of the damages which constitute the partial failure of consideration? If he be absolved from this duty, a peculiar and most illogical situation is presented. Then he who claims to have been damaged, and is in the better position to know the facts as to the extent thereof, can compel the holder, though more unfavorably situated, to assume such burden. It is submitted that the only reasonable and logical construction of the act, having in mind the prior conflict and the general purpose to bring about uniformity, is the one here urged.

Suppose the defense were failure of consideration. Under the rule in the Ginn Case, 81 Ohio St. 121, 135 Am. St. Rep. 761, 90 N. E. 141, 18 Ann. Cas. 204, the burden is upon the defendant throughout to establish that defense. Such seems also to be the implication in Indiana Flooring Co. v. Rudnick, 236 Mass. 90, 127 N. E. 428. By referring to the Negotiable Instruments Law and particularly to §§ 24 and 28 thereof, no word or phrase can be discovered which would justify the application of a different rule to the defense of want of consideration. Indeed, in Ohio, according to the Ginn Case, had the defense been failure of consideration, the instruction placing the burden of proof upon the defendant would have been held correct. I think the authority of the Ginn Case is very materially weakened, if not entirely destroyed, when it is remembered that no reference whatever is made to the Negotiable Instruments Law and when we consider that the court seemingly, without justification under § 28, puts the burden of proving *failure* of consideration upon the defendant throughout the case, while the burden to prove consideration is put upon the plaintiff. The statute makes both want and failure of consideration defensive matter and no reason is perceived for any distinction with respect to the burden of proof.

I am, therefore, constrained to the conclusion that the statement of the rule in 3 R. C. L. 928 is not conclusive under the Negotiable Instruments Law and indeed is not conclusive authority upon the correct interpretation of §§ 24 and 28 thereof.

In 8 C. J. 996, the rule with respect to the burden of proof, when want of consideration is set up, is stated as follows:

"In other words, the rule, at least in most states is that although a bill or a note imports in itself a consideration, yet when evidence has been introduced to refute the presumption of consideration, the burden shifts to plaintiff to show by a preponderance of the evidence that there was a consideration."

Of course, the burden of proof, correctly speaking, never shifts. In support of this statement in the text, numerous cases are cited. Among these are Best v. Rocky Mountain Nat. Bank, 37 Colo. 149, 7 L.R.A. (N.S.) 1035, 85 Pac. 1124; Small v. Clewley, 62 Me. 155, 16 Am. Rep. 410; Huntington v. Shute, 180 Mass. 371, 91 Am. St. Rep. 309, 62 N. E. 380; Delano v. Bartlett, 6 Cush. 364; and Ginn v. Dolan, supra. These have been discussed, and, as pointed out, are of little value as aids in the proper construction of §§ 24 and 28, inasmuch as no reference, whatever, is made to the Negotiable Instruments Law. The other cases cited will now be considered.

Livingston v. Cooper, 22 Fla. 292 (1886). In Florida, the Negotiable Instruments Law was adopted in 1897, more than ten years after the decision in this case; it is, of course, of no value except as it states the rule prior to the Negotiable Instruments Law. Martin v. Donovan, 15 La. Ann. 41 (1860). The Negotiable Instruments Law was adopted in Louisiana in 1904. The authority of this case under the Negotiable Instruments Law is of doubtful value. Cawthorpe v. Clark, 173 Mich. 267, 138 N. W. 1075 (1912). Although Michigan adopted the Negotiable Instruments Law in 1904, no reference is made to its provisions in this case. The court holds that the burden is "upon plaintiff upon the whole case to prove consideration." The Michigan court then cites one case decided before the Negotiable Instruments Law was adopted. Bogie v. Nolan, 96 Mo. 85, 9 S. W. 14 (1888). Missouri adopted the Negotiable Instruments Law in 1905. The case is not authority upon the correct construction of that act. Holmes v. Farris, 97 Mo. App. 305, 71 S. W. 116, contra, and Carter v. Butler, 264 Mo. 306, 174 S. W. 399, Ann. Cas. 1917A, 483, contra. Search v. Miller, 9 Neb. 26, 1 N. W. 975, was decided in 1879, while the Negotiable Instruments Law was adopted in 1905 in the state of Nebraska. Bringman v. Von Glahn, 71 App. Div. 537, 75 N. Y. Supp. 845, was decided by the appellate division of the supreme court of New York in 1902, about five years after the Negotiable Instruments Law was adopted in that

state.   Only one section of the Negotiable Instruments Law is cited, namely § 24, to the effect that the instrument imports a consideration. Section 28 is not referred to.   No authority is cited or reason given by the court for its obiter statement that the burden, upon the whole case, rests on the plaintiff to prove consideration.   In this case, there was no evidence of want of consideration and therefore the presumption was conclusive in favor of the plaintiff.   What was said upon the burden of proof was entirely obiter.   Campbell v. McCormick, 90 N. C. 491, was decided in 1884.   The Negotiable Instruments Law was adopted in that state in 1899.   Moreover, the case of Piner v. Brittain, 165 N. C. 401, 81 S. E. 462, infra, settles the law to the contrary in North Carolina.   The case is not in point under §§ 24 and 28 of the Negotiable Instruments Law.   Bank of Gresham v. Walch, 76 Or. 272, 147 Pac. 534, was decided in 1915 and the Negotiable Instruments Law was adopted in Oregon in 1899.   In support of the ruling that, where the defendant offers evidence tending to show want of consideration, the burden is upon the plaintiff to prove by a fair preponderance of the evidence upon the whole case that there was a consideration, the court cites Bringman v. Von Glahn, supra.   As has been pointed out, the question was not involved in the Bringman Case and what is said on that point is dicta.   The court does, in this case, refer to § 28 of the act, but in a somewhat cursory way.   It is doubtful from the language used in the opinion whether the court observes clearly the distinction between "burden of proof" and "burden of evidence."   The next case cited by the text is First Nat. Bank v. Paff, 240 Pa. 513, 87 Atl. 841, decided by the supreme court of Pennsylvania in 1913.   Altho the Negligent Instruments Laws was adopted in Pennsylvania in 1901, no reference whatever is made to any of its provisions.   The only authority cited by the court in support of its conclusion that the "burden was upon the plaintiff to satisfy them, under all the evidence in the case that the note was founded on a valuable consideration," is Conmey v. Macfarlane, 97 Pa. 361, a case decided in 1881 and manifestly of no value except in so far as it states the rule prior to the adoption of the Negotiable Instruments Law.   The last case cited in support of the text in Corpus Juris is Hudson v. Moon, 42 Utah, 377, 130 Pac. 974. In that case the court held that on the whole case the plaintiff had the

burden of showing by a fair preponderance of the evidence a legal and valuable consideration. The court refers only to § 24 of the act, no mention being made of § 28. The case was decided in 1913 and the act was adopted by the state of Utah in 1899. It is evident that the court was largely influenced by precedents, many of which have been heretofore adverted to in this opinion, prior to the Negotiable Instruments Law or in which no reference is made thereto. A few illustrations will suffice. The court in the Hudson Case quotes extensively with approval from Perley v. Perley, 144 Mass. 104, 10 N. E. 726, decided by the supreme judicial court of Massachusetts in 1887. Quotation is also made from Huntington v. Shute, 180 Mass. 371, 91 Am. St. Rep. 309, 62 N. E. 380, and Delano v. Bartlett, 6 Cush. 364, and from Atlas Bank v. Doyle, 9 R. I. 76, 98 Am. Dec. 368, 11 Am. Rep. 219. All of these cases were decided before the Negotiable Instruments Laws was adopted in the respective jurisdictions, or else, as in the case of Huntington v. Shute, the act was entirely ignored. The court relies upon the cases heretofore discussed in arriving at its conclusion and it seems to me that the weight of the decision is very greatly impaired by the fact that it rests entirely upon adjudications prior to the Negotiable Instruments Law or made without reference to its terms. In Holley v. Smalley, 50 App. D. C. 178, 269 Fed. 694, the court of appeals of the District of Columbia held that "when the defendant offered evidence of absence or failure of consideration *the presumption disappeared from the case* and that the burden was on the plaintiff to prove by a preponderance of the evidence, without resort to the presumption, that there was consideration." (Italics are ours). Reference is made to § 24 of the Negotiable Instruments Law, but no mention is made of § 28. It is submitted that this *statement of the* rule is too broad; it is clearly at variance with the rule of Ginn v. Dolan, 81 Ohio St. 121, 135 Am. St. Rep. 761, 90 N. E. 141, 18 Ann. Cas. 204, and the authorities that rely on that case. The Massachusetts and the Ohio decisions recognize a distinction as to the burden of proof between lack and failure of consideration.

In Casey v. Empey, 34 Idaho, 244, 200 Pac. 122, it is held that if defendant give evidence tending to show want of consideration, the burden is on the plaintiff to show by a fair preponderance of the evidence on the whole case that there was consideration, and Brannan's

Neg. Inst. Law, 3d. ed. § 24, p. 95 is cited. Section 28 is not referred to or considered by the court, nor is reference made to the fact that Prof. Brannan himself, in another portion of his work, expressly says:

"It is difficult to believe that if the courts which hold the contrary had had § 28 before them and had considered it, they could have failed to see that that section puts the burden of establishing want of consideration on the defendant, or the party asserting it." (p. 97).

In Daniel on Neg. Inst. 6th ed. § 164, it is said that tho the note imports a consideration, the better rule would seem to be "in the absence of any statutory provision declaring this prima facie effect, that when evidence has been introduced to rebut the presumption which it raises, the burden is upon the plaintiff to satisfy the jury upon all the evidence and by a preponderance of the evidence that there was a consideration." A large number of cases are cited in the note in support of this text, most of which, however, were decided before the Negotiable Instruments Law was adopted, or entirely without reference to it. In the same section, the author says that under the Negotiable Instruments statute, referring to section 24 thereof:

"The burden of showing that there was a want of consideration rests upon the defendant and if the defendant offers any evidence that shows or tends to show want of consideration, then it is incumbent upon the plaintiff to show, by a fair preponderance of the evidence, upon the whole case, that there was a consideration."

In support of this statement of the rule, the text cites two cases, Bringman v. Von Glahn, 71 App. Div. 537, 75 N. Y. Supp. 845, and Ginn v. Dolan, supra. As has been heretofore pointed out, the statement in the New York case is a dictum, unsupported by authority, and in the Ohio case no reference whatever is made to the Negotiable Instruments Law, in fact, it affirmatively appears, as has been demonstrated, that the court decided the case wholly without reference to its provisions, and, drew a distinction between want and failure of consideration in violation of § 28 of the Negotiable Instruments Law. For reasons heretofore suggested, the rule announced in the text, it is submitted, is not correct under the Negotiable Instruments Law.

What has been said above with reference to the citation from 8 C. J. 994–997, in Holbert v. Weber, 36 N. D. 106, 161 N. W. 560,

applies with equal force to the citation to Horwitz's Jones on Ev. § 179. The text does not refer to the Negotiable Instruments Law, but cites Delano v. Bartlett, 6 Cush. 364; Ginn v. Dolan, supra, and other cases antedating or ignoring the act.

In Piner v. Brittain, 165 N. C. 401, 81 S. E. 462, this question was before the court. Want of consideration was set up as a defense by the maker against a suit by the payee. The court said to the jury:

"Now the court charges you that the defendant must show by the greater weight of the evidence that the note was signed by him without valuable consideration and if you find by the greater weight of the evidence that the note was given as an accommodation to the plaintiff, and the burden of this is on the defendant, then the court charges you that it was given without consideration."

It was contended that this instruction was erroneous because it placed the burden of proof upon the defendant instead of upon the plaintiff upon the entire case. The court, after referring to § 28 of the Negotiable Instruments Law held the charge correct. Speaking of this case, Prof. Brannan in the Negotiable Instruments Law, 1921 ed. at p. 114, says:

"This case is sound in principle, altho there are cases to the contrary which violate the correct rule of pleading and evidence."

The same rule is laid down in Shaffer v. Bond, 129 Md. 648, 99 Atl. 973, where the authorities are fully considered and the pertinent sections of the Negotiable Instruments Law cited. In the following cases this rule as to the burden of proof seems to have been adopted and the pertinent sections of the Negotiable Instruments Law are considered and applied. McCormack v. Williams, 88 N. J. L. 170, L.R.A. 1917E, 535, 95 Atl. 978; Carter v. Butler, 264 Mo. 306, 174 S. W. 399, Ann. Cas. 1917A, 483; First Presby. Church v. Dennis, 178 Iowa, 1352, L.R.A.1917C, 1005, 161 N. W. 185; Harponola Co. v. Wilson, 96 Vt. 427, 120 Atl. 895. In the Vermont case, supra, the court says:

"It seems clear that under the Negotiable Instruments Act the burden is cast upon the defendant, not only of introducing some evidence of lack or failure of consideration, but of ultimately establishing the issue by a preponderance of evidence." See also Gleason v. Brown, 129 Wash. 196, 224 Pac. 930.

By § 6913 (28), absence or failure of consideration is declared to

be "matter of defense." Originally, to "defend," in the law of plead-
ing, imported simply a *denial* of that which constituted the basis of
the plaintiff's claim, as alleged in his pleadings. Bl. Com. 296. By
§ 7448, Comp. Laws, 1913, a clear distinction is made between a
denial, which, under this section performs the office of the defense
originally, and allegations of "new matter constituting a defense."
The term "defense" as used in the second subdivision of § 7448, has
a meaning entirely different from that which it originally had. As
here used, it embraces, strictly speaking, only matter which, the ad-
mitting the alleged cause of action, nevertheless sets up facts which, at
the time when the action is brought, show that plaintiff is not entitled
to recover. The "matter of defense" referred to in § 6913 is, of course,
new matter within the second subdivision of § 7448, supra, and must
be pleaded. To illustrate: in a suit upon a promissory note, it is not
necessary to allege that the note was executed for a valuable considera-
tion, when the instrument, set out in full in the complaint, contains
a recital of that fact. Sutherland, Code Pl. Pr. & Forms, § 5394.
Manifestly, therefore, if the defendant and maker of such note defend
on the sole ground of absence or failure of consideration, he should
admit every material allegation of such a complaint, but allege facts
showing that the instrument was executed without consideration, or
that the consideration partly or entirely failed. In such a case, the
burden, not only to introduce evidence tending to show the existence
of the facts relied on as a defense, but of proving their existence by
preponderance of evidence, should rest upon him who asserts them.
That seems to be the logical view. Without evidence, in such a case,
the defendant would be compelled to submit to a judgment on the
pleadings. This seems a sound test to determine where the burden
lies under the statutes referred to. (§§ 24, 28). See Coffman v. Spo-
kane Chronicle Pub. Co. 65 Wash. 1, 117 Pac. 596, Ann. Cas. 1913B,
636. I am convinced that such was the purpose of the draftsmen of
the Negotiable Instruments Law, and is particularly evidenced by
§§ 24, 28 and 59 thereof.

By § 6944 (59) every holder is declared "prima facie to be a
holder in due course;" but it is then expressly provided that if it be
made to appear that the title of any person who negotiated the in-
strument was defective, "the burden is on the holder to prove that he

or some other person under whom he claims acquired the title as a holder in due course," i. e., "of establishing the facts necessary to make the plaintiff a holder in due course." Brannan, Neg. Inst. Law, p. 218. It will be observed that altho § 6909 (24) expressly provides that every "negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration," there is no provision, such as is found in § 6944 (59), putting the burden upon the payee or holder, in case evidence tending to show want or failure of consideration be introduced. I do not think that the omission of this express provision from §§ 6909 (24) and 6913 (28) was accidental; I believe it was the deliberate intent of the framers of the Negotiable Instruments Law to cast upon the maker the duty of proving by a preponderance of evidence, upon the entire case, the defense of want or failure of consideration.

We must remember also that the Negotiable Instruments Law is not dealing with questions of pleading; it is defining the substantive rights of parties to negotiable instruments. Those rights were sought to be made uniform, but the means—rules of pleading, of trial practice, and of evidence—by which such rights are made effective may and do vary in different jurisdictions. In one state the rules of common law pleading prevail; in another state the code system; and in a third state a modified system, consisting of important elements from both the common law and the code system, may have been adopted. Nor are rules of evidence or trial practice uniform. Notwithstanding this variety and contrariety in procedural rules, it was intended that the substantive rights of parties to negotiable instruments be measured by uniform rules in all jurisdictions. I think it is clear that the framers of the act intended to recognize the rule as to the burden of proof as constituting a substantive right (see 22 C. J. 70) and to place the burden of establishing lack or partial failure of consideration upon the defendant to the end.

In his work on Contracts, edition of 1921, note 17, § 108, Prof. Williston says:

"Under §§ 24 and 28 of the Negotiable Instruments Law, it seems clear that whatever the law may have been previously, the burden is now thrown upon the defendant, not only of introducing some evidence of lack of consideration, but of ultimately establishing such lack by a preponderance of evidence."

The burden of proving the affirmative defense of want or failure of consideration under the Negotiable Instruments Law is upon the defendant. The law implies that every promissory note which has been executed is founded upon an adequate and valuable consideration; if it be sought by the maker to negative this presumption of the law by affirmative pleading and proof, the burden is upon him to the end to prove by the greater weight of evidence, upon that issue, that the instrument was in fact given without consideration.

The order of the trial court granting a new trial is affirmed.

BRONSON, Ch. J., and NUESSLE, J., concur in the determination and the principal expressed in the syllabus.

CHRISTIANSON, J. (concurring specially). I concur in the conclusion reached in the opinion prepared by Mr. Justice Johnson, and in the principle announced in the syllabus solely on the ground that the question involved is controlled by Stubbins Hotel Co. v. Beissbarth, 43 N. D. 191, 174 N. W. 217. It is highly desirable that the rules applicable to commercial paper should be settled, and, hence, the rule of *stare decisis* ought to be applied with full force. Scandinavian American Bank v. Westby, 41 N. D. 295, 172 N. W. 665. If the question involved were an original one, however, I should be constrained to disagree with the principle announced by Mr. Justice Johnson.

In my dissenting opinion in Stubbins Hotel Co. v. Beissbarth, supra, I said: "The trial court instructed the jury that it was incumbent upon the defendant to establish, by a preponderance of the evidence, that he had received no consideration for the note. Defendant predicates error upon this instruction. The majority hold that the instruction was proper. I believe that it was erroneous. There is no question but that the holding of the majority has some support in the authorities. But much of such support is more apparent than real. Corpus Juris (8 C. J. 996) says that the decisions sustaining the views of the majority, 'while for the most part apparently without qualification on their face, are subject to explanation, at least according to the rules laid down in many jurisdictions, by adding that what is meant is that defendant must produce some evidence to overcome the

presumption of consideration arising from the production of the instrument, in order to shift to plaintiff the necessity for proving facts relating to the consideration. In other words, the rule, at least in most of the states, is that although a bill or a note imports in itself a consideration, yet when evidence has been introduced to rebut the presumption of consideration the burden shifts to plaintiff to show by a preponderance of the evidence that there was a consideration; and this is so even where the instrument on its face recites a consideration as by the use of the words 'value received.' Ruling Case Law (3 R. C. L. p. 928) says: 'There has been much discussion, not a little confusion, and some real conflict among the decisions, respecting the party on whom rests the burden of proof as to consideration vel non. There seems to be no doubt, however, but that the burden of proof is upon the plaintiff to establish the fact that the instrument was given for a valuable consideration. While the production of the note, with the admission or proof of the signature, makes a prima facie case, and upon the evidence of the instrument itself, the plaintiff is entitled to a verdict, unless there is some other evidence to affect it; yet when consideration is denied in the answer, there is an issue made upon that point, on which the plaintiff has the affirmative; and the presumption being prima facie only, and not conclusive, the burden of proof necessarily rests upon the plaintiff to show a consideration by a preponderance of the whole evidence given on the trial of the issue. There being other evidence on both sides, which has a bearing upon the question of consideration, the burden remains upon the plaintiff upon all the evidence produced, including the note itself and the presumption that arises from it, to establish what he, in the declaration of his writ, has necessarily alleged. The weight of the evidence, or, as it is otherwise expressed, the preponderance of the evidence, may vary from side to side as a trial progresses; but the burden, which rests upon the plaintiff, to establish the material averments of his cause of action by the preponderance of all the evidence, never shifts. The party who maintains the affirmative of an issue carries the burden of proof through the whole case, although he may be aided by such a rebuttable presumption of law, or such facts, as would prima facie support his contention. His opponent need do no more than counterbalance the presumption or prima facie case. Nor does it make any difference that the instrument

contains the words 'value received.' In my opinion the rule just stated is the correct one.

The majority members, however, invoke § 5882, Comp. Laws, 1913, which provides that a party who seeks to invalidate or avoid a written instrument has the burden of showing want of consideration. This, and the preceding section, do not relate to negotiable instruments, but to other written contracts. Under the common law an adequate consideration was necessary to give validity to contracts not under seal. In case of suits upon simple contracts it was necessary to allege and prove a consideration. Peasley v. McFadden, 68 Cal. 611, 10 Pac. 179. This rule, however, did not apply to negotiable instruments; in suing upon them it was not necessary either to allege or, in the first instance, to prove consideration. 3 R. C. L. pp. 836, 837; 8 C. J. 867. The purpose of §§ 5881, 5882, Comp. Laws, 1913, was to change the common-law rule in this state with respect to simple contracts (Peasley v. McFadden, supra), and to extend to all simple contracts in writing the presumption which originally attached only to negotiable instruments (13 C. J. 760; 6 Am. & Eng. Enc. Law, 762).''

"The Negotiable Instruments Law provides: 'Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.' Comp. Laws 1913, § 6909. 'Absence or failure of consideration is matter of defense as against any person not a holder in due course.' Comp. Laws 1913, § 6913. 'Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some other person under whom he claims acquired the title as a holder in due course.' Comp. Laws 1913, § 6944.

"These provisions are applicable in this case. They are in harmony with the rule announced in Ruling Case Law quoted above, and in conflict with the rule announced by the majority members in this case. Under the rule adopted by the majority the ultimate burden of proof is cast upon the defendant to disprove the consideration, but the statutes referred to only cast upon him the burden of overcoming the presumption or prima facie case. In case the testimony is equally

balanced, defendant succeeds; not the plaintiff, as held by the majority." See also Comp. Laws 1913, § 7936, Subd. 21.

In the opinion prepared by Mr. Justice Johnson reference is made to certain decisions of the supreme judicial court of Massachusetts written or concurred in by Chief Justice Shaw. The latest of the several decisions mentioned is the one written by Chief Justice Shaw in Burnham v. Allen, 1 Gray, 496. In that case Mr. Chief Justice Shaw had occasion to consider directly the very question under consideration. He said:

"On the subject of the burden of proof, the court are of opinion that the directions were precise and correct, and well adapted to the case. The court ruled, that the burden of proof was on the plaintiff to show that the note was given upon a valuable consideration, and if that was doubtful upon the whole evidence he could not recover; that proof of the execution of the note and its production in evidence made a prima facie case for the plaintiff, upon which they might find a verdict for him, unless, etc. This is strictly correct, but being expressed in technical terms, it may be useful to explain it a little. A promissory note is given 'for value received;' this is signed by the maker, and is an admission on his part that value has been received for it which is a good consideration. Its being produced by the holder is proof that after being signed it was delivered to the promisee, and is therefore evidence of a contract, on good consideration, between promisor and promisee, under the promisor's hand. But the law holds, and has long held, that, as between the original parties, such proof is not conclusive. It is therefore prima facie evidence, that is, it is competent evidence tending to prove a proposition of fact, and of course, if not rebutted or controlled by other evidence, will stand as sufficient proof of such proposition of fact. If then, on a trial, when a note is sued for by the promisee against the promisor, the plaintiff produces and reads his note for value received, and the signature is admitted or proved, he has ordinarily no occasion to go further. He has the burden of proof to show a consideration; but he sustains that burden by his prima facie evidence, which, if not rebutted, stands as conclusive evidence.

"This, though expressed in technical terms, is, we think, the common sense view taken of a promissory note by men of business, and reconciles the rules of law with the principles and practice of actual busi-

ness. When a man takes a promissory note, for value received, promising to pay money to him or his order, he believes that he has a security complete in itself, and that he has no occasion to provide and preserve other evidence, to show the consideration on which it was given. And in a vast majority of cases, the security is not only complete in itself, but is in fact conclusive, because no evidence can exist, which will control and rebut such proof of consideration. But the law has further provided, that whilst the note remains as a contract between the original parties, that is, not transferred to another by endorsement, the consideration may be inquired into; and therefore, if upon all the evidence in the case, whether offered by the plaintiff or the defendant, it appears that there was no consideration, or that the consideration has failed, by evidence sufficient to rebut the prima facie evidence arising from the signature and production of the note, it will constitute a good defense; and as the burden is on the plaintiff, to prove a good consideration, if the whole evidence, offered on both sides, leaves it in doubt whether there was a good consideration or not, the plaintiff fails of making out his case, and the defendant will be entitled to a verdict.

"We have said that the evidence may come from either side. It may come from the plaintiff, as where an attesting witness or other person testifies that the note was given on settlement of an account, and on the production of the account by the plaintiff, it appears that there were so many mistakes and errors, that there was no balance due; and if the note was given for such supposed balance only, it will appear that the note was given without consideration. In general, the proof of want or failure of consideration must commence on the part of the defendant, after the production and proof of the note by the plaintiff, not because the defendant has the burden, or the burden of proof has shifted, but because the plaintiff has offered prima facie proof, sufficient to sustain the burden of proof on his part, unless it is rebutted and controlled by counter proof.

"The view, we think, was expressed in the residue of the charge of the judge to the jury, that prima facie evidence would warrant a verdict for the plaintiff, unless the defendant introduce evidence, which either showed that the note was not given for a valuable consideration, or that the consideration failed, or evidence to render it doubtful in the minds of the jury whether the note was given on a valuable con-

sideration, or the consideration failed, or not, and if not, or if the consideration had failed, the plaintiff could not recover.

"When in the above sentence the learned judge used the phrase, 'unless the defendant introduced evidence,' we understand him to mean, as above stated, that after the production and proof of the signing of the note, and after thus establishing a prima facie case, the plaintiff would be entitled to a verdict, unless the defendant could show, from the whole evidence, want or failure of consideration, or leave the proof so doubtful, as to enable the jury to say, that the plaintiff had not satisfactorily proved a consideration."

The instructions approved by the Massachusetts court in Burnham v. Allen, supra, were adopted by Blashfield and embodied in his work on Instructions to Juries. See, 2 Blashfield Instructions to Juries, form 2207.

The language of Chief Justice Shaw is too clear to admit of interpretation, and is, I think, equally applicable under the provisions of the Uniform Negotiable Instruments Law. In other words I still adhere to the views expressed in my dissenting opinion in Stubbins Hotel Co. v. Beissbarth, 43 N. D. 191, 174 N. W. 217; but inasmuch as this court in that case adopted a rule contrary to that for which I contended, the rule so adopted became and is the law of this state, and should be enforced as such.

BIRDZELL, J. (concurring). I regard the decision in this case as controlled by the holding in Stubbins Hotel Co. v. Beissbarth, 43 N. D. 191, 174 N. W. 217. My views on the question involved are sufficiently indicated by the dissent in that case. For the reasons expressed by my associate, Mr. Justice Christianson, I think the decision in the Stubbins Hotel Co. Case should be followed and not overruled. I, therefore, concur in the disposition of this case according to the opinion of the court.