## STATE BANK OF FAIRFAX, MINNESOTA, a Corporation, Appellant, v. W. F. BLUM, Respondent.

### (203 N. W. 898.)

**Bills and notes — maker of note has burden to prove want of consideration by preponderance of evidence.**

Following Stubbins Hotel Co. v. Beissbarth, 43 N. D. 191, 174 N. W. 217, andFirst State Bank v. Radke, 51 N. D. 246, 35 A.L.R. 1355, 199 N. W. 930, it is *held*, that in an action on a negotiable promissory note, where the maker alleges want of consideration, the burden is on him to prove that defense by a preponderance of the evidence on that issue.

Opinion filed May 2, 1925.

Bills and Notes, 8 C. J. § 1299 p. 995 n. 70; § 1359 p. 1048 n. 21; § 1396 p. 1075 n. 22.

Appeal from the district court of Ward County, *Lowe, J.*

Plaintiff appeals from the judgment and from an order denying its motion for judgment notwithstanding the verdict, or for a new trial.

Reversed and remanded for a new trial.

*B. E. Crippen* and *Ray O. Miller,* for appellant.

Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration. Comp. Laws, 1913, § 6909; Selover, Neg. Inst. 2d ed. § 59; 8 C. J. 867, 990; 11 Enc. Ev. 485.

Note.—Burden of proof as to consideration for a bill or note when plaintiff not protected as a holder in due course, see annotation in 35 A.L.R. 1370; 3 R. C. L. 929; 1 R. C. L. Supp. 923; 5 R. C. L. Supp. 209.

The burden is on the maker to prove want of consideration. 11 Enc. Ev. 847.

"It is a general rule, supported by a multitude of decisions, that the burden of proof is on the defendant to establish a defense of want, failure, or illegality of consideration." 8 C. J. 994. Jones, Ev. § 176; First State Bank v. Radke (N. D.) 199 N. W. 930.

"The rule is well-settled that in an action upon a promissory note, as in all other actions upon written contracts, parol testimony cannot vary, qualify, contradict, add to, or subtract from, its written terms." First Nat. Bank v. Foote, 12 Utah, 157, 42 Pac. 205.

"The rule as to written contracts not being subject to change by contemporaneous oral agreements is of such importance that it should not be departed from unless such departure is brought within well-settled exceptions to the rule." Bryan v. Duff, 12 Wash. 233, 50 Am. St. Rep. 899, 40 Pac. 936.

"Evidence of a parol contemporaneous agreement that a note should not be paid in whole or in part, is not admissible." Middleton v. Griffith, 57 N. J. L. 442, 51 Am. St. Rep. 617, 31 Atl. 405.

"Parol evidence of an oral agreement alleged to have been made at the time of drawing, making, or endorsing a bill or note, cannot be permitted to vary, qualify or contradict, to add to, or subtract from, the absolute terms of the written contract." Specht v. Howard, 16 Wall. 546, 21 L. ed. 348.

*McGee & Goss*, for respondent.

"The burden is on the plaintiff in the first instance to show prima facie that there was a consideration. The burden then shifts to the defendant to show that there was no consideration, and if the defendant meets that issue with sufficient evidence to overcome the prima facie showing of the note that it bears a consideration, then the burden returns to the plaintiff in this case to establish upon the entire and on the whole case that there was a consideration for the note, so that in this case, upon the whole evidence to show that there was a consideration for the note in question." Holbert v. Weber, 36 N. D. 106, 161 N. W. 560.

"A specification by plaintiff, appellant, of insufficiency of evidence to justify the verdict presents no question calling for a review of the evidence where the jury have found for the defendant for a general

verdict, establishing that the evidence was insufficient to sustain a verdict for plaintiff." Morris v. Soo R. Co. 32 N. D. 366, 155 N. W. 861.

"A promissory note does not become effective until delivered. A delivery is essential to its very existence and validity as a contract. Dan. Neg. Inst. 6th ed. §§ 68a, 81b, and 630. 'As a general rule a negotiable promissory note, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties.'" McCormick Harvesting Mach. Co. v. Faulkner, 7 S. D. 363, 366, 58 Am. St. Rep. 839, 64 N. W. 163; Comp. Laws, 1913, §§ 5891, 6901; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Bank v. Kelly, 30 N. D. 84, 162 N. W. 125.

CHRISTIANSON, Ch. J. This is an action upon a promissory note. The complaint is in the usual form. Among others, the defendant interposed the defenses that the note was executed and delivered without consideration, and upon certain conditions which were not fulfilled. The case was tried to a jury. A verdict was returned in favor of the defendant and judgment was entered accordingly. The appeal is from the judgment and from the order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial.

Error is assigned upon the following instruction:

"It is incumbent upon the plaintiff before it can recover in this action to show by a fair preponderance of the evidence that the notes were given for a consideration and that it was agreed between the parties at the time the notes were made and delivered that the defendant should be personally liable for the amount of said notes."

Under the rule announced in First State Bank v. Radke, 51 N. D. 246, 35 A.L.R. 1355, 199 N. W. 930, this instruction is incorrect. And we are agreed that in view of the state of the evidence in this case, it cannot be said that it was non-prejudicial.

Reversed and remanded for a new trial.

BIRDZELL, BURKE, NUESSLE, and JOHNSON, JJ., concur.